### JOHN MYATT V. THE STATE.

*No. 51. Decided February 4.*

**Practice—Where Defendant Suggests Different Name from that in Indictment.**—Article 513 of the Code of Criminal Procedure provides: "If the defendant or his counsel for him suggest that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself, the style of the cause changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment." *Held*, that the refusal of the court to comply with the provisions of this article, at the instance and request of the defendant, constitutes reversible error.

Appeal from the County Court of Brazos.   Tried below before Hon. W. H. Harmon, County Judge.

This is an appeal from a judgment of conviction, upon a trial had in the court below, upon an indictment charging John Myatt with unlawfully carrying a pistol, the punishment being assessed at a fine of $25.   A statement of the facts is unnecessary.

No brief for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, Judge.— The indictment in this case, charging John Myatt with carrying a pistol, was properly certified to the County Court. Being informed by the sheriff that the grand jury should have indicted "Marion," and not "John" Myatt, the clerk erased "John," and inserted "Marion" in lieu of "John" in the indictment, and issued a capias for the arrest of "Marion."

When the cause was called for trial the defendant moved to quash the indictment because of this alteration, called the attention of the court to the fact that he had a brother named "John," and suggested his own name as "Marion."   The court thereupon ordered the name "Marion" stricken out and "John" inserted, and required defendant to plead to the indictment.   He declined to do so, whereupon the court entered a plea of not guilty for him, and the cause proceeded to trial.

The act of the clerk was a nullity, did not affect the indictment, and it remained as if the alteration by the clerk had not occurred.   When defendant suggested his name to be "Marion" it should have been so "noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by him, the style of the cause changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment."   Code Crim. Proc., art. 513.   In refusing and failing to comply with this provision of the law the court erred, and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.