### George Popinaw v. The State.

#### No. 3999.    Decided January 29, 1908.

**Local Option—Indictment—Name of Defendant—Mandatory Statute.**

Where upon trial for a violation of the local option law, the defendant objected to the name by which he was charged in the indictment and suggested his correct name, and again raised this point in his motion for a new trial, the court should have complied with the defendant's suggestion, as the statute is mandatory.

Appeal from the County Court of Fannin. Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*McGrady & McMahon,* for appellant.—On question of suggestion of defendant's name counsel cited the cases mentioned in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of suggestion of defendant's name: Myatt v. State, 31 Texas Crim. Rep., 523. The State contends that the provisions of article 549, Code Criminal Procedure, are not mandatory.

BROOKS, Judge.—Appellant was convicted of violating the local option law. Bill of exceptions No. 3 shows before defendant pleaded to the indictment he suggested his right name was "George Popnoy," he having been indicted as "George Popinaw." On motion for a new trial when the above action of the court was complained of, the State had J. M. Spotts. and defendant's brother, sworn, and they testified as follows: J. M. Spotts, over appellant's objection, stated, "I have known the defendant all my life. He was always called George Popenaugh; never heard him called anything else; have written his name that way a number of times, but never wrote it that way at his dictation, and never heard him spell or pronounce his name." Defendant's brother testified that appellant's name was "George Popnoy." This is reversible error. The court should have complied with appellant's suggestion. The statute is mandatory. See Sinclair v. State, 34 Texas Crim. Rep., 453; Clark v. State, 45 Texas Crim. Rep., 456.

We do not deem it necessary to pass upon the other questions raised in this record.

For the error suggested, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*