## L. F. SCOTT v. THE STATE.

### No. 3101.   Decided April 29, 1914.

**Theft—Insufficiency of the Evidence—Possession—Invalid Levy.**

Where property alleged to have been stolen was alleged to be in the possession of the sheriff who made a levy thereof, and the evidence disclosed that no valid levy was made at the time and that the defendant did not appropriate any of said property after a valid levy was made, the conviction could not be sustained.

Appeal from the County Court of Childress.   Tried below before the Hon. Frank W. Freeman.

Appeal from a conviction of petty theft; penalty, a fine of $5 and one day confinement in the county jail.

The opinion states the case.

*Jos. H. Aynesworth,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.—Cited Evans v. State, 15 Texas Crim. App., 31; Converse & Co., McKee v. State, 14 id., 30; Smith v. State, 42 Texas, 444.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of milo-maize, and his punishment assessed at a fine of $5 and one day in the county jail.

Substantially, the evidence is that appellant leased 125 acres of land from A. T. Culbertson. This lease was to include the year 1913 from the first of January to 31st of December. Appellant agreed to and did plant 100 acres of cotton and 25 acres of maize, of which Culbertson was

to have one-half and appellant the remaining half. On the 13th of August it seems that a verbal contract was entered into by appellant with one J. C. Neely, by which appellant agreed to convey to Neely his undivided interest in the crops and deliver the premises to Neely on the 18th of August. For this Neely assumed the payment of four notes mentioned in the statement of facts, and agreed to execute and deliver to appellant his, Neely's, promissory note for the sum of $70.55 to be dated August 13, 1913, and due October 30, 1913. Neely also agreed to execute and deliver to appellant a mortgage upon the property conveyed by Scott to him to secure the note for the above $70.55. On August 19th Neely filed suit in the District Court against appellant setting forth the terms of the contract, alleging that appellant would not give him possession and turn over to him the property mentioned. In other words, he, appellant, refused to carry out the verbal contract. In his petition Neely alleges that he executed and tendered to appellant the above mentioned note for $70.55 as well as the mortgage upon the crop to secure the note, and asked for an enforcement of the contract. He also asked for possession and a writ of sequestration. The writ was granted on 19th of August, after the premises were to be delivered under the previous verbal contract. This writ was placed in the hands of the sheriff. The return shows that the sheriff went to the premises, saw appellant and told him he had a writ and would levy upon the premises and all the growing crop which had not been gathered. On 23rd of August, after the first supposed levy, another writ of sequestration was issued and placed in the hands of the sheriff, or rather one of his deputies, with return on it showing he had levied upon and taken possession of the premises. Appellant agreed to get off the premises as soon as he could find another place, and was left in possession of the premises and property as he had been at all times during the year. Between the first and second levy appellant gathered some of the maize and placed it in the barn with other maize which was already in there. This was done, however, after he had seen and consulted with an attorney, who had informed him that the property was his and he did not have to move, and that he could use the maize. There seems to be no question of the fact that neither of the officers ever did dispossess appellant of the premises, but he was left in possession, except for the fact that he was told the levy had been made. It is also shown that appellant's attorney advised him that he did not have to move and that the property belonged to him, and he could use it. It is further shown that he had about 1500 pounds of maize in the barn, and he gathered an additional amount of the maize alleged to have been levied upon and placed it in the barn on top of his own maize. He had two mules belonging to Mr. Culbertson with which he made the crop and some of his own stock. To this stock he fed some of the maize. He had more maize in the barn than that which had been gathered, and there was no intention or purpose on appellant's part to sell any maize or any other property. Appellant also testified he had consulted an attorney about his rights, and had been informed by the

attorney that the levy was not valid, and that he was in possession of the premises and property, and had a right to use it. There seems to be no dispute in regard to the evidence, which shows that appellant had the 1500 pounds of maize in the barn, or about that amount, and that after the supposed levy was made he gathered the maize part of the crop and placed it in the barn there on the premises and that he in no way handled it or used it except enough of the maize to feed the stock. These are the facts in the case. This does not constitute a case of theft. The property is alleged to be in the sheriff who made the levy. There is no fraudulent intent on the part of appellant shown or attempted to be shown. Without going into the legal status of the levy or supposed levy of the writ and validity of it, we hold that the facts, independent of the illegality of the legal proceedings, do not show a case of theft, even conceding that appellant used the maize in feeding the stock, and that is all the evidence of appropriation found in this record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, PRESIDING JUDGE, and HARPER, JUDGE.—We do not agree to the reasoning and all that is said in the above opinion, for if a valid levy had been made and possession shown in the sheriff, we think the facts would sustain a conviction. But as the evidence discloses that no valid levy was made until September 6th, and possession of the property not taken by the sheriff until that day, and appellant appropriated none of the property after September 6th, the evidence will not sustain a conviction, and we therefore agree to a reversal of the case.