### E. B. CHADWICK V. THE STATE.

#### No. 6351.    Decided June 15, 1921.

**1.—Forgery—Suggestion of Defendant's Name—Practice in Trial Court.**

Upon trial of forgery when the case was called for trial defendant suggested that his name was E. B. Chadwick, and by motion asked that he be prosecuted under said name, there was no error in granting the motion.

2.—Same—Charge of Court—Weight of Evidence.

Where upon trial of forgery, the court's charge was on the weight of the testimony, and embraced matters not proper to have been submitted and which were calculated to confuse the issues and encumber the record, the same was reversible error.

3.—Same—Suggestion of Defendant's Name—Procedure—Issues Not Changed.

The suggestion on the part of defendant of his name or the procedure made necessary thereby would not change the issue in a forgery case as to whether the accused, without lawful authority, made a false instrument in writing, etc., and the suggestion of the accused of his name under which he selected to be tried would not settle this issue.

4.—Same—Evidence—Declarations by Defendant—Arrest.

On trial of forgery the testimony of the officer, that defendant told him while under arrest and unwarned what his name was, was inadmissible.

5.—Same—Other Transactions—Evidence.

Upon trial of forgery, testimony of defendant's transactions with third parties was admissible as affecting his intent, and as showing system.

6.—Same—Defendant's Name—Practice in Trial Court.

Upon another trial, if the contention be that defendant's name is other than Chadwick, that fact should be fully shown, and the issue relative thereto submitted both affirmatively and negatively.

Appeal from the District Court of Angelina. Tried below before the Honorable Lee D. Guinn.

Appeal from a conviction of forgery; penalty, five years' imprisonment in the penitentiary.

The opinion states the case.

*I. D. Fairchild,* and *S. M. Adams,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Angelina County of forgery, and his punishment fixed at confinement in the penitentiary for five years.

The indictment charged that George Thayer, alias G. W. Adams, forged a certain memorandum or order which is set out in the indictment, and which is purported to be signed by the Federal Plate Glass Company by E. B. Chadwick. By averment it was further stated that said Thayer alias Adams represented to a Mrs. Whitton that he was E. B. Chadwick and agent of the Federal Plate Glass Company, and induced Mrs. Whitton to contract for certain articles set out in said memorandum, and induced her to pay $27 as one-half the freight necessary to be paid for the shipment of said articles to Lufkin, Texas. Much that is in said indictment appears to be surplusage insofar as the allegations of a forgery case are concerned. The said signed memorandum was delivered to Mrs. Whitton as evidence of a contract on the

part of the Federal Plate Glass Company to deliver to her the articles named therein, and as evidencing the receipt by said company, acting through appellant, of one-half of the freight which had been paid by her to appellant.

When the case was called for trial appellant suggested that his name was E. B. Chadwick, and by motion asked that he be prosecuted under said name, which motion was granted and thereafter the proceeding was conducted under the style of The State of Texas v. E. B. Chadwick, defendant.

The substance of the State's case is as follows: Mrs. Whitton testified that on February 16, 1921, appellant, representing himself to be E. B. Chadwick and the agent of the Federal Plate Glass Company, contracted to sell her the articles set out in the memorandum, for which she was to pay $250; that appellant required her to pay half what he claimed would be the freight charge on the said shipment, which she paid by giving her check for $27, same being cashed by appellant. He gave her the signed memorandum evidencing said facts. She testified that she had received none of said articles, and had no information relative thereto, but had written to the Federal Plate Glass Company.

Mr. Hall, for the State, testified that on February 17, 1921, in Humble, Texas, appellant came to him representing that his name was G. W. Adams, and contracted to sell witness a refrigerator which he said was at Bowie, Texas, having been sold to a party there who had gone broke and was unable to pay for same. Witness agreed to buy said refrigerator and to pay half the freight on said article, amounting to $12.36, and in fact paid that amount to appellant, who wrote on the side of the memorandum of contract that the Federal Plate Glass Company would retain the ownership of said refrigerator until same was paid for. The memorandum was signed G. W. Adams. Mr. Hall further testified that on said occasion appellant procured an express money order—apparently for the amount of the freight, or half of same—and witness stated, "The express money order was for Chadwick, Bowie, Texas. He did not tell me who Chadwick was. He told me his name was G. W. Adams, and he so signed the contract."

Mr. Gray, for the State, testified that he lived at Humble. That appellant came to his store representing himself to be a salesman for the Federal Plate Glass Company, and that he had a show-case at Bowie, Texas, which witness contracted to buy, and that he paid appellant $10.28, being what the latter claimed would be half the freight from Bowie. Mr. Gray said appellant bought an express money order for half said freight and gave a receipt therefor to witness, and told him E. B. Chadwick was the agent at Bowie. Witness did not get said show-case. He gave the order referred to, to the officers of Harris County when questions arose regarding the transactions, and had not gotten it back, and was not allowed to testify to any of its contents. Appellant told Mr. Gray his name was Adams.

The sheriff of Nacogdoches County testified, among other things, "I know the defendant over there, and he is Mr. Chadwick." Further said witness stated that while appellant was in jail, he told witness his name was George W. Thayer. The sheriff went to Bowie and arrested appellant. While there he met the railroad agent. He testified that the name of said agent was not E. B. Chadwick nor G. W. Adams. The State introduced the memorandum, receipt and check given by Mrs. Whitton to appellant for half the freight on the articles referred to. No evidence was introduced on behalf of appellant. The court in applying the law to the facts said:

"Now, therefore, if you believe and so find from the evidence beyond a reasonable doubt that the defendant, E. B. Chadwick, did on or about the 16th day of February, A. D. 1921, in Angelina County and State of Texas unlawfully and without lawful authority and with the intent to injure and defraud, wilfully and fraudulently make a false instrument in writing, purporting to be the act of another, to-wit, the act of the said Federal Plate Glass Company of Pittsburg, Pennsylvania, by and through its agent, E. B. Chadwick, and then and there represented that the said E. B. Chadwick was the agent of the said Federal Plate Glass Company, and did execute the instrument described in the indictment and that the said E. B. Chadwick, the defendant, fraudulently represented that the said Federal Plate Glass Company was a concern that handled millinery supplies and the said E. B. Chadwick was the agent of said concern, and that the said E. B. Chadwick was the E. B. Chadwick, agent of said Federal Plate Glass Company, and did thereby induce the said Mrs. Irene Whitton to contract for the number 116 E I Mohagany Millinert Wall Case and the number 421 Frameless Cemented Plate Glass Floor Display Case, and to pay twenty-seven dollars or a part thereof, as half of the freight in shipment of the aforesaid cases to Mrs. Irene Whitton, and agreed to pay the sum of Two Hundred and Fifty Dollars as provided for in said instrument described in the indictment, and that said instrument was an order for the aforesaid cases, purporting to be signed by the Federal Plate Glass Company, by E. B. Chadwick, agent, if you so find beyond a reasonable doubt you will convict the defendant."

This was excepted to as being without support in the testimony; as upon the weight of the evidence; as an instruction to convict regardless of the lack of facts, and as submitting the agency of appellant when there was no evidence establishing the fact of said agency. The trial court, at the request of the State, gave the following special charge:

"You are further instructed as part of the law in this case, and in connection with the court's main charge, that if you believe, and so find from the evidence beyond a reasonable doubt that the defendant's true name is some name other than E. B. Chadwick, and that the said defendant did, on or about the 16th day of February, A. D. 1921, in Angelina County, State of Texas, unlawfully and without lawful authority, and with intent to injure and defraud, wilfully and fraudulently

make a false instrument in writing, purporting to be the act of another, to-wit: the act of the said Federal Plate Glass Company of Pittsburg, Pa., by and through its agent, E. B. Chadwick, and then and there represented that the said E. B. Chadwick was the agent of the said Federal Plate Glass Company, and did ,execute the instrument described in the indictment, and that the said defendant, did then and there sign the name of E. B. Chadwick to the said instrument, as agent of the Federal Plate Glass Company, and you believe beyond a reasonable doubt, and so find beyond a reasonable doubt from the evidence that E. B. Chadwick is not the defendant's real name, you will, if you so find, beyond a reasonable doubt convict the defendant and assess his punishment in accordance with the penalty given you in the court's main charge."

To this appellant also excepted for the following reasons:

"That the evidence will not warrant the giving of the same, and there is absolutely no proof that the name of the defendant is any other than Chadwick.

That the evidence does not raise the issue that the defendant's acts were not lawful and authorized by the Federal Plate Glass Company.

That the testimony nowhere shows that the acts of the said Chadwick were not the acts of the Federal Plate Glass Company, and that he was not the duly and authorized agent of the said Glass Company.

That the testimony shows that the defendant gave his right name, and if he went by another and different name in another and different county it would not affect this transaction, as he is being tried in this county for another and different offense."

As applicable to the above state of facts, we observe that a person accused of crime is given by our statute the right to suggest that he is not indicted under his true name, and upon suggestion at a proper time as to what is his name, the trial court is required to note such suggestion on his docket and have the name so suggested inserted in the indictment, and thereafter the cause shall proceed under the name given. We take it this would be the proceeding, whether it should be an issue then or thereafter whether the name suggested be the true name of the accused or otherwise. Vernon's C. C. P., Arts. 560-567. We do not think such suggestion on the part of the accused, nor the procedure made necessary thereby, would change the issue in a forgery case as to whether the accused without lawful authority made a false instrument in writing, purporting to be the act of another, in such manner as that same if true would have affected a pecuniary obligation, or the transfer of property, etc. When the identity of the accused, and his right to act under a certain name, is the issue,— the suggestion by the accused when brought to trial that his is the name in question,—would not settle the issue, nor deprive the State of its right to prove that the person then before the court was in fact of different name, and that he had no right to act under the name in question in the matter involved. The quoted part of the general

charge was on the weight of the testimony, and embraced many matters not proper to have been submitted. Whether representations of appellant to the effect that the Federal Plate Glass Company was a concern that handled millinery supplies, were fraudulent; and whether they induced Mrs. Whitton to contract for the articles described in the indictment; and to pay half the freight; and to agree to pay $250 for said articles,—were not matters proper to have been so charged, and must have confused the issues and encumbered the record. The jury should have been plainly told that if this appellant executed the instrument set out in the indictment, without lawful authority, and with intent to injure and defraud, and that said instrument purported to be the act of a person other than the accused, he should be found guilty. The case must be reversed. The special charge quoted, if stripped of repetition which makes difficult the ascertainment of the real principle therein announced, contains a correct rule. If the jury believed beyond a reasonable doubt that appellant was not the person whose act the instrument set out in the indictment purported to be. and if they believed that he executed said instrument without lawful authority, and with intent to injure and defraud, he would be guilty of forgery.

The testimony of Sheriff Woodland that appellant told him, while under arrest and unwarned, that his name was George W. Thayer, should not have been admitted. Our statute excluding confessions of an unwarned person under arrest has been uniformly held by this court to exclude evidence of criminating statements made by such person. The issue as to whether appellant's name was Chadwick or something else, was a vital one, and proof of a statement made by him that his name was something else than Chadwick was of a material matter.

We think evidence of appellant's transactions with Hall and Gray would be admissible as affecting the intent of appellant and as showing system.

The evidence in the record to show that appellant is not Chadwick, seems somewhat meager. Mr. Woodland, the sheriff who arrested appellant in Bowie, says that he knows him and knows that he is Chadwick. The sole evidence of the fact that he was not Chadwick seems to rest on the proposition that he represented to two other gentlemen that his name was Adams. On another trial if the contention be that appellant's name is other than Chadwick, that fact ought to be fully shown, and the issue relative thereto submitted both affirmatively and negatively.

For the errors mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*