**Bob Lee BOWDEN aka Joe Lee Bowden, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 60551.

Court of Criminal Appeals of Texas, En Banc.

March 3, 1982.

John M. O'Connell, San Antonio, for appellant.

Bill M. White, Dist. Atty. and Donald A. Clowe, Wayne Hampton and Anton Paul Hajek, III, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ONION, Presiding Judge.

Our opinion on original submission is withdrawn. The following is substituted in lieu thereof.

This is an appeal from a conviction for aggravated robbery, where the punishment was assessed by the jury at twenty (20) years' confinement in the Department of Corrections.

On appeal appellant contends the court erred in proceeding to trial without amending the indictment to reflect his correct name despite the timely suggestion of his correct name. He further urges the evidence is insufficient to sustain the conviction, that the court erred in failing to grant a mistrial when the State sought to improperly impeach him, and that the court also erred in failing to grant a mistrial when the prosecutor persisted in misquoting the record during jury argument.

A brief recitation of the facts is necessary to the proper disposition of the grounds of error.

On January 24, 1978, James Agnst was the sole employee at a Stop and Go convenience store at 1011 Austin Highway in Bexar County. About 11:45 p. m. appellant and his companion entered the store. Appellant purchased a package of gum while his companion flanked Agnst at the cash register. Following the purchase, the companion pulled a handgun and told Agnst, "Put the money in a bag." The gun was pointed at Agnst's head. The store was well lighted and Agnst had a good opportunity to see the faces of both robbers at a close distance. Agnst filled a brown paper bag with United States currency. Appellant then took all the change from the register. Agnst was ordered to open a locked display case and three watches were taken. Appellant and his companion left telling Agnst to be "cool." Agnst locked the door and called the police. He described the men to the police. He stated there was an older man and a younger man. At trial he positively identified the appellant as the older of the two robbers.

Appellant testified and denied the robbery and stated that on the night in question he was at Shirley's house where he lived.

■ Appellant's challenge to the sufficiency of the evidence is based on argument that Agnst is the only one who identified him as one of the robbers, and that there were some inconsistencies between Agnst's trial testimony and the description he gave the police of the robbers. San Antonio police officer Tom A. Bearden, who helped investigate the robbery, testified his report showed Agnst had described the older man as about 35 years of age, about 5′ 9″ tall with a medium build. Agnst testified at trial the older man's height was 5′ 8″, 5′ 7″ or 5′ 6″. Agnst identified a photograph of the appellant as the one he selected from a photographic display spread which was shown to him by the police. He related nothing was written on the back of the photograph at the time of the display, but acknowledged that "5′ 2″ " had been written thereon by somebody since that time. Appellant also calls attention to the pen

packet of a prior conviction introduced by the State at the guilt stage of the trial which shows the Department of Corrections recorded appellant's height at 5′ 1″. Bearden's report also shows Agnst stated the older man had on a light overcoat. At trial he testified the older man had on a "longer jacket or light overcoat or something, you know." He was unable to identify the jacket appellant was wearing in the courtroom as the jacket worn by the older man. Bearden's report reflects Agnst related both men wore blue jeans. At trial Agnst testified that he only told police that the younger man had on blue jeans; that he recalled the older man had a jacket or coat on and was well dressed.

The appellant argues that these inconsistencies as to height and clothing render the evidence insufficient to support the conviction. We do not agree. The inconsistencies or conflicts between Bearden's report and Agnst's trial testimony were all before the jury, who were the judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. Articles 36.13 and 38.04, V.A.C.C.P. The jury may believe some witnesses and refuse to believe others, and it may accept portions of the testimony of a witness and reject other portions. *Lafoon v. State*, 543 S.W.2d 617 (Tex.Cr.App. 1976); *Hernandez v. State*, 538 S.W.2d 127 (Tex.Cr.App.1976); *Esquivel v. State*, 506 S.W.2d 613 (Tex.Cr.App.1974). See also *Johnson v. State*, 571 S.W.2d 170 (Tex.Cr. App.1978); *Nixon v. State*, 572 S.W.2d 699 (Tex.Cr.App.1978).

■ Reconciliation of conflicts and contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. Article 38.04, supra.

In *Franks v. State*, 462 S.W.2d 287 (Tex. Cr.App.1971), it was held not to be error to refuse to instruct a verdict of not guilty notwithstanding that principal witnesses for the State contradicted each other in the description of the men who robbed them. And in *Flores v. State*, 372 S.W.2d 687 (Tex.Cr.App.1963), it was held that resolu-

tion of conflicts between testimony of a State's witness and her prior testimony was for the jury.

Viewing the evidence in the light most favorable to the jury's verdict, as we are required to do, we conclude the evidence is sufficient to show the guilt of the appellant and to support the verdict.

Appellant's challenge to the sufficiency of the evidence is overruled.

In three grounds of error, appellant contends the trial court erred in proceeding to trial without amending the indictment to reflect his correct name despite his timely suggestion of his correct and true name.

The indictment returned on March 15, 1978 charged "Bob Lee Bowden" with the offense of aggravated robbery. The appellant claims his true name is "Joe Lee Bowden." On March 22, 1978, appellant filed two pro se motions to suppress identification testimony. One he signed "Joe Lee Bowden" and the other he signed both "Joe Lee Bowden" and "Bob Lee Bowden." On March 24, 1978, the record reflects an arraignment. On the same day he signed a waiver of the reading of indictment, apparently in connection with the arraignment, with the name "Bob Lee Bowden." The record does not reflect that at arraignment he suggested to the court his correct name. On April 17, 1978, he filed two additional pro se motions to suppress identification testimony and a pro se exception to the indictment for failure to set forth his correct name. He signed both names to these instruments. On May 30, 1978, the day of the trial, he filed a motion for a speedy trial signing both names to said motion.

Prior to trial appellant called the court's attention to the fact that his true name was "Joe Lee Bowden"; that he had never been known as "Bob Lee Bowden." The record reflects:

"THE COURT: Your name is what?

"THE DEFENDANT: My name is Joe Lee Bowden.

"THE COURT: Okay. Get me a jury of 36."

It appears that the court struck the name "Bob" in the style of the case on the docket sheet and inserted in handwriting the name "Joe." The indictment, however, was not amended. Without objection, the indictment was subsequently read to the jury as it was originally returned, and the appellant pleaded "not guilty."

During the trial Detective Ross, one of the investigating officers, testified he knew the appellant as "Bob Lee Bowden." Wayne Hampton, assistant district attorney, called by the appellant, testified on direct examination "Bob Lee Bowden" and "Joe Lee Bowden" were aliases of the appellant and that if you punched either name on the computer terminal you would get the appellant's criminal history.

The appellant testified that his legal name was "Joe Lee Bowden," and he had never used the name "Bob." His counsel elicited from him that he had suggested his correct name to the court.

Charges at both phases of the bifurcated trial used the name "Bob Lee Bowden aka Joe Lee Bowden." There were no objections to the court's charges. The verdicts at both phases of trial used the same name as in the charge, and the court in pronouncing judgment and sentence used the name of the appellant as set forth in the charge. The formal judgment and sentence reflect "The State of Texas v. Bob Lee Bowden AKA Joe Lee Bowden—True Name."

Article 21.02, V.A.C.C.P., provides in part:

"An indictment shall be deemed sufficient if it has the following requisites:

"(1) * * *

"(4) It must contain the name of the accused or state that his name is unknown and give a reasonably accurate description of him."

Article 21.07, V.A.C.C.P., provides:

"In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. *When a person is known by*

*two or more names, it shall be sufficient to state either name.* When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment." (Emphasis supplied.)

The following statutes are found in Chapter 26 of the Code of Criminal Procedure entitled "Arraignment."

Article 26.01, V.A.C.C.P., 1965 [491] [555] [544] provides:

"In all felony cases, after indictment, and all misdemeanor cases punishable by imprisonment, there shall be an arraignment."

Article 26.02, V.A.C.C.P., 1965, provides:

"An arraignment takes place for the *purpose of fixing his identity* and hearing his plea. (Emphasis supplied.)

Article 26.07, V.A.C.C.P., 1965 [495] [559] [548] provides:

"When the defendant is arraigned, his *name, as stated in the indictment, shall be distinctly called*; and unless he suggest by himself or counsel that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense." (Emphasis supplied.)

Article 26.08, V.A.C.C.P., 1965 [496] [560] [549] provides:

"If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself or his counsel for him, the style of the case changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment."

Article 26.09, V.A.C.C.P., 1965, provides:

"If the defendant alleges that he is not indicted by his true name, and refuses to say what his real name is, the cause shall proceed as if the name stated in the indictment were true; and the defendant shall not be allowed to contradict the same by way of defense."

Article 26.11, V.A.C.C.P., 1965, provides:

"The name of the accused having been called, if no suggestion, such as is spoken of in the four preceding Articles, be made, or being made is disposed of as before directed, the indictment shall be read, and the defendant asked whether he is guilty or not, as therein charged."

Article 26.15, V.A.C.C.P., 1965 [503] [567] [556] provides:

"In any case, the same proceedings shall be had with respect to the name of the defendant and the correction of the indictment or information as provided with respect to the same in capital cases."

■ Under the procedure described, if a defendant timely suggested his true name, the court was authorized to correct the indictment to reflect the true name. See *Younger v. State*, 457 S.W.2d 67 (Tex.Cr. App.1970); *Sinclair v. State*, 34 Tex.Cr.R. 453, 30 S.W. 1070 (1895); *Peters v. State*, 69 Tex.Cr.R. 403, 154 S.W. 563 (1913); *Chadwick v. State*, 89 Tex.Cr.R. 531, 232 S.W. 842 (1921); *Wardlow v. State*, 18 Tex.App. 356 (1885). And there have been instances of reversal for failure to comply with the law. *Myatt v. State*, 31 Tex.Cr.R. 523, 21 S.W. 256 (1893); *Popinaw v. State*, 52 Tex. Cr.R. 409, 107 S.W. 350 (1908).

■ When is the suggestion of the correct name timely? Prior to the 1965 Code of Criminal Procedure the forerunner of Article 26.01, supra, was Article 491, V.A.C. C.P., 1925, which read:

"There shall be no arraignment of a defendant except upon an indictment for a capital offense."

Thus, there was to be no arraignment in non-capital cases, either felony or misdemeanor. *Nolen v. State*, 8 Tex.App. 585 (1880); Article 26.01, supra, Special Commentary. Cf. *Guajardo v. State*, 378 S.W.2d 853 (Tex.Cr.App.1964). See also 16 Tex.Jur.2d, Criminal Law, § 302, p. 477.

In capital cases it was held that if a party is not indicted under his true name he must

suggest this on arraignment or it will be too late. *Henry v. State*, 38 Tex.Cr.R. 306, 42 S.W. 559 (1897); *Wilcox v. State*, 31 Tex. App. 586 (1869).

Under the forerunners of Article 26.15, supra, the same procedure for correcting the name in the indictment in capital cases was to be used in other cases. But, alas, since there was no arraignment in these other cases the procedure could not literally be applied. This court then held in numerous cases that in non-capital cases for the suggestion of the correct name in the indictment or information to be timely, the suggestion had to be made at the time the defendant was called upon to plead to the indictment or information, see, e.g., *Sinclair v. State*, 34 Tex.Cr.R. 453, 30 S.W. 1070 (1895); *Kuykendoll v. State,* 165 Tex.Cr.R. 164, 305 S.W.2d 369 (1956); *Harold v. State,* 165 Tex.Cr.R. 78, 303 S.W.2d 794 (1957), although some cases referred to it being timely when the suggestion of a correct name was made "when the case was called for trial," *Kinkead v. State*, 61 Tex.Cr.R. 651, 135 S.W. 573 (1911), or "when tried," *Sugarman v. State*, 73 Tex.Cr.R. 613, 166 S.W. 732 (1914). See also and cf. *Chadwick v. State,* 89 Tex.Cr.R. 531, 232 S.W. 842 (1921). Failure to timely suggest a correct name would thus result in a waiver. *Kuykendoll v. State*, supra; *Harold v. State*, supra; *Bargas v. State*, 86 Tex.Cr.R. 217, 216 S.W. 172 (1919); *Jones v. State*, 63 Tex.Cr.R. 394, 141 S.W. 953 (1911). Many of these opinions cited the forerunners of arraignment Articles 26.07 and 26.07, supra, without citing the forerunners of Article 26.15, supra, or noting that arraignment was not used in non-capital cases at the time.

In the 1965 Code of Criminal Procedure Article 26.01 extended arraignment to all felonies and misdemeanors punishable by imprisonment. The limitation of arraignment to capital cases was abolished. Since arraignment now applies to all felonies and misdemeanors punishable by imprisonment, when is the suggestion of a correct or true name in the State's pleadings timely?[1] This appears to be a case of first impression since the enactment of the 1965 Code of Criminal Procedure. We hold that with the extension of arraignment by the 1965 Code the suggestion to be timely must be made at the time of the arraignment or it comes too late. This was the rule in capital cases under the former codes.

In the instant case the appellant failed to suggest his "true" name at the time of his arraignment and he thus waived his right to have his name corrected in the indictment.

■ There exists another reason why no error is reflected by the court's failure to insert appellant's suggested name in the indictment. *Fernandez v. State*, 172 Tex. Cr.R. 68, 353 S.W.2d 434 (1962), is a case very similar in many ways to the facts of the instant case. There this court wrote:

"By bill of exception No. 2, appellant insists that the court erred in failing to order appellant's name stated in the indictment changed to that suggested by him as required by Art. 496, Vernon's Ann.C.C.P. The record reflects that appellant was indicted under the name of Jessie Fernandez. Upon arraignment, appellant suggested to the court that he bore a different name than that stated in the indictment and that his true and real name was Jesus Fernandez, Jr. Thereupon, the order of arraignment in the cause was changed to show the appellant's name to be Jesus Fernandez, Jr. The court's judgment and sentence in the cause refers to appellant as 'Jessie Fernandez, also known as Jesus Fernandez, Jr.' Appellant, while testifying as a witness in the case, testified that his name was Jessie Fernandez, Jr. and also signed his written confession by such name.

1. The purpose of naming the accused in the indictment is for his identification. It is a matter of form. *Jones v. State*, 504 S.W.2d 442, 444 (Tex.Cr.App.1974).

Article 28.10, V.A.C.C.P., provides:

"Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended."

There was proof from other witnesses that appellant was known by the name of Jessie Fernandez. Under the record, it appears that appellant went under two names, 'Jesus Fernandez, Jr.' and 'Jessie Fernandez, Jr.' In the early case of *Hornsby v. State*, 91 Tex.Cr.R. 166, 237 S.W. 940, it was held that where the accused has two names, or has actually gone under two names, the provisions of Art. 496, supra,[2] do not apply. The court's failure to order the name of appellant changed in the indictment does not present error."

In the instant case there was a showing that the appellant was known by both names. The provisions of Article 26.07, supra, were not applicable and the court's failure to order the name changed in the indictment presents no error.

Appellant urges that *Myatt v. State*, 31 Tex.Cr.R. 523, 21 S.W. 256 (1893), and *Popinaw v. State*, 52 Tex.Cr.R. 409, 107 S.W. 350 (1908), which were reversed for failure of the court to insert the defendant's suggested name call for reversal here. We do not agree. These cases are distinguishable from the instant case. First, the suggestions of the defendant's true names were timely in those cases and not in the instant. Second, those cases show that the defendants were known by the names suggested. There was no showing that they were also known by the name originally alleged in the indictment.

Appellant's contention is overruled.

In another ground of error, appellant complains the State attempted to impeach him over objection by accusing him of having committed other crimes. The ground of error refers to two different portions of the cross-examination of the appellant and is multifarious and not in compliance with Article 40.09, § 9, V.A.C.C.P. We are able to understand the contentions and they will be considered. On cross-examination appellant was impeached by showing a prior felony conviction in Bell County for breaking and entering a motor vehicle. Thereafter,

the prosecutor began to inquire about a misdemeanor theft conviction in Bell County on June 26, 1974, even giving the name of defense counsel. The objections offered were that the State was on a fishing expedition and that appellant had admitted a prior felony conviction and "anything else would be improper questioning." When the appellant denied such conviction and any confinement in jail for six months, the interrogation ceased. No further effort at impeachment was made by the State. No evidence of the conviction was offered.

When a defendant takes the stand as a witness at the trial on the merits, he is subject to the same rules as any other witness. He may be contradicted, impeached, etc., except where some statute forbids certain matters to be used against him. § 1, Branch's Anno. P.C., 2nd ed., § 168, p. 170.

Thus, a defendant may be impeached by proof of a prior final felony conviction or a misdemeanor conviction involving moral turpitude. See *Bustillos v. State*, 464 S.W.2d 118 (Tex.Cr.App.1971).

Here the prosecutor was inquiring about a misdemeanor theft conviction which involves moral turpitude. When the appellant denied the conviction, the State made no further effort to offer evidence to impeach the appellant. If the State was acting in bad faith in inquiring about a misdemeanor conviction, the appellant made no effort to prove the same. We perceive no error in the interrogation of the appellant.

Further, appellant complains in the same ground of error that in the State's interrogation about appellant's alibi testimony he was asked if it wasn't a fact that until the time of trial he hadn't told anyone about being "with Shirley" on the night in question. Appellant's counsel objected there had been no examining trial, that the prosecutor should stick to the facts, and asked for a mistrial. This was overruled. Appellant's counsel then excepted, noting the prosecutor had "highly prejudiced" the

2. Now see Article 26.07, supra.

jury. The objection was sustained. No other relief was requested.

The State was entitled to inquire about a final misdemeanor conviction involving moral turpitude for possible impeachment. After denial of the same by the appellant, the State made no effort to establish impeachment on this ground. In absence of a showing of bad faith on the part of the State, no reversible error is shown.

With regard to the complained of cross-examination about appellant's alibi testimony that he was "with Shirley" at the time of the offense, it is observed that the particular interrogation and the testimony pointed out by appellant's brief does not reflect an extraneous offense. Further, the objection at trial was sustained and it is not the same objection now raised on appeal. Nothing is presented for review.

Lastly, appellant complains that in jury argument at the guilt stage of the trial the prosecutor on a number of occasions misquoted the evidence. We are referred to three different page numbers. Although it is alleged that each portion contains a misquote, appellant does not point out where the record would support his claims. The ground of error is multifarious and not in accordance with Article 40.09, § 9, V.A.C. C.P.; *Stein v. State*, 514 S.W.2d 927, 931 (Tex.Cr.App.1974). We have, nevertheless, tried to determine appellant's contentions.

■ First, appellant contends the prosecutor argued that the appellant had stated co-defendant Shelton had told the police about him. Appellant's counsel objected that appellant had testified that the police had told him Shelton had implicated him. The court instructed the jury to consider the evidence as they heard it, etc. Appellant asked for no further relief. The prosecutor's next statement confirmed appellant's version of the record. Nothing is presented for review.

■ Appellant contends the prosecutor misquoted the record when he stated Shelton pled guilty to all the facts, including the fact that Joe Bowden helped him in the robbery. When this occurred, appellant moved for a mistrial, which was overruled. The prosecutor then explained that among stipulated evidence from Shelton's trial, which was introduced in the instant case by the appellant, was the statement of James Agnst who related he had identified the older subject from a photographic spread and was then told by police that the subject's name was Bob Lee Bowden, and that from a later photographic spread he had identified Shelton. The prosecutor noted that Shelton had agreed all the stipulations were true and correct. In light of the evidence, the prosecutor's remarks were a reasonable deduction from the evidence. Appellant's contention is overruled.

Appellant also complains of a later and similar statement by the prosecutor regarding Shelton agreeing that appellant was his partner. For the same reasons as above, no error is presented.

■ Appellant further contends the prosecutor misquoted the record when he told the jury appellant lied when he stated he didn't go back to the penitentiary. Appellant objected that his testimony was that "I don't remember." The court instructed the jury to remember the testimony as they heard it. The prosecutor then argued in effect that when one gets out on parole and parole is revoked and one goes back to the penitentiary one doesn't forget a thing like that. He further stated appellant had lied about that. Appellant's objection that the prosecutor was misquoting the record was overruled. We perceive no reversible error. The contention is overruled.

Appellant's motion for rehearing is overruled, and the judgment is affirmed.