11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

Daniel Omar Chavez

Appellant

Vs.                   No.
11-01-00071-CR B Appeal from Taylor County

State of Texas

Appellee

 

The jury
convicted appellant of possession of methamphetamine[1];
the trial court assessed his punishment at confinement for ten years.[2]  Appellant argues in his second and third
points of error that the evidence was legally and factually insufficient to
support his conviction.  He argues in
his first point of error that he received ineffective assistance of counsel
because his trial counsel had an actual conflict of interest.  We affirm.

                                                              Standards
of Review

Appellant
raises the legal and factual sufficiency of the evidence in his second and
third points.  Evidence is legally
sufficient when, viewed in the light most favorable to the prosecution, it is
sufficient to permit a rational trier of fact to find all the essential
elements of the charged crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000).  Evidence is factually sufficient unless,
when viewed without “the prism of most favorable to the prosecution,” the
verdict is so contrary to the great weight and preponderance of the evidence as
to be manifestly wrong and unjust.  Johnson v. State, 23 S.W.3d 1, 9
(Tex.Cr.App.2000); Clewis v. State, 922 S.W.2d 126, 129
(Tex.Cr.App.1996).  The jury is the
exclusive judge of the facts proven and may choose whether to believe any or
all of a witness’s testimony.  TEX. CODE CRIM. PRO. ANN. art. 38.04 (Vernon
1979); Bowden v. State, 628 S.W.2d 782, 784
(Tex.Cr.App.1982).








                                                                    The Evidence

On January
12, 2000, Abilene Police Officer Adam Lopez responded to a call from the Ramada
Inn.  Employees at the motel smelled
burning marihuana in the hallway. 
Officer Lopez determined that the odor came from Room 142.  He knocked on the door and announced that he
was a police officer.  Ronald Deleon
answered the door and told Officer Lopez, in response to questioning, that the
room was his.  The odor of burnt marihuana
became stronger when the door opened. 
Officer Lopez asked for permission to search the room, and Deleon signed
a consent form.  Officer Lopez saw
appellant, who was fully clothed, lying on one of the beds on top of the
covers.  Officer Lopez opined that
appellant was only pretending to sleep.

A search
of the room revealed two burnt marihuana Ablunts@[3] in an ashtray, an unsmoked Ablunt@ in a Swisher Sweet cigar box, a plastic Abaggie@ containing off-white powder, and another Abaggie@ with capsules in it.  All these
items were located in plain view on the table between the beds.  Officer Lopez found nothing else in the
room.  The white powder was later
determined to contain 1.26 grams of methamphetamine.  Both appellant and Deleon denied ownership of the methamphetamine
and marihuana.  While still in the motel
room, appellant told Officer Lopez that the capsules were his AGold Rush pills to clean his system out.@  Two
of the same type of capsules were found in the bag containing methamphetamine.

Deleon
testified that the drugs were his and that appellant slept during the time that
he was smoking the Ablunts.@ 
Deleon acknowledged that smoking marihuana cigars would create a great
deal of smoke and odor.   He could not
explain how appellant=s AGold Rush@ capsules got into the bag of methamphetamine while appellant was
sleeping.  He testified that he had not
claimed ownership of the drugs before trial because he did not want to be in
trouble.  Deleon admitted that he told
one officer that the Astuff@ was not his.








Appellant
argues that the evidence shows nothing but the fact that he was in the same
room as illegal drugs.  The evidence,
however, is sufficient to allow a reasonable jury to infer from the presence of
the AGold Rush@ capsules in the bag of methamphetamine that appellant intentionally or
knowingly possessed the methamphetamine. 
The jury could disbelieve Deleon=s testimony.  The verdict is not
so against the great weight and preponderance of the evidence as to be clearly
wrong and unjust.  We overrule appellant=s second and third points of error.

                                                         Ineffective
Assistance Claim

Appellant=s trial counsel apparently also represented
Deleon on criminal charges arising from the same transaction.  Appellant argues in his first point of error
that he received ineffective assistance of counsel in violation of his
constitutional rights because an actual conflict of interest arose from his
defense counsel=s representation of Deleon.  In order to establish a constitutional
violation, a defendant must establish that an Aactual conflict of interest adversely affected his [trial counsel=s] performance@ in mounting a defense.  Cuyler
v. Sullivan, 446 U.S. 335, 348 (1980). 
A presumption of harm arises under Cuyler if the defendant can
show that his trial counsel actively represented conflicting interests and that
the conflict had an adverse effect on his trial counsel=s performance.  Strickland v. Washington, 466 U.S. 668, 692 (1984); Ex parte
Morrow, 952 S.W.2d 530, 538 (Tex.Cr.App.1997).

Appellant
argues that his trial counsel=s representation of Deleon created a conflict that prejudiced his
defense because both men had an interest in disclaiming ownership of the
drugs.  Appellant=s argument overlooks the fact that Deleon,
after being admonished by the trial court and trial counsel, testified that the
drugs were his and that appellant had no knowledge of them.  This was the only exculpatory evidence
presented.  If a conflict did exist, it
did not prejudice appellant=s defense.  Appellant has failed
to demonstrate ineffective assistance of counsel under Cuyler.  We overrule his first point of error.

                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

August 2, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]TEX. HEALTH & SAFETY CODE ANN. ' 481.115(a) (Vernon Supp. 2001) defines the
offense.  It is a third degree felony
when the amount of methamphetamine possessed is more than one gram but less
than four grams.  TEX. HEALTH &
SAFETY CODE ANN. ' 481.115(c) (Vernon Supp. 2001).





[2]Third degree felonies are punishable by confinement for
a term of 2 to 10 years plus an optional fine up to $10,000.  TEX. PENAL CODE ANN. ' 12.34 (Vernon 1994).





[3]A Ablunt@ is apparently a
marihuana cigar, something larger than a cigarette.