In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-498 CR


____________________



CHRISTOPHER JOHN BEST, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B000155-R






MEMORANDUM OPINION


 Following a bench trial, Christopher John Best was convicted of aggravated
kidnapping. See Tex. Pen. Code Ann. §§ 20.01, 20.04 (Vernon Supp. 2003). (1) The trial
court sentenced Best to thirty years' confinement in the Texas Department of Criminal
Justice, Institutional Division. Best appeals contesting the legal and factual sufficiency of
the evidence to support his conviction.

 Jannice Urban testified that Best broke in to her mother's house and attacked her
with a knife. Best repeatedly threatened to kill her and said he would kill her in the yard
if she refused to leave with him. Best also threatened to kill Jannice's aunt if she did not
hurry. They left in Jannice's car with Best driving and Jannice in the passenger seat. Best
continued to hold the knife as he drove and shortly after leaving, stabbed Jannice in the
leg. Best continued to threaten to kill Jannice. When Best stopped the car at a gas station
in Buna, he threatened to kill Jannice if she tried to get out. Jannice made it into the gas
station and hid in a storeroom. Best broke in and grabbed her by the wrist, and took her
out of the store. Best stood behind Jannice and held her tight, with the knife at her throat,
"sawing" at her neck. Jannice was not released until Best was shot at by law enforcement. 

 In his argument, Best contends the State failed to prove he restrained Jannice. Best
points to his own testimony that Jannice suggested they leave the house, that he did not
threaten to kill Jannice or anyone else, and that his "actual" plan was to commit suicide
at the house. Best also points to his testimony that his plan to commit "suicide by cop"
was developed after leaving the house - positing that his intent in "apparently" using
deadly force was not to restrain Jannice, but to orchestrate his own demise. Best further
notes that Jannice forewent two opportunities to cry for help. 

 Best's testimony contradicting Jannice's version of events does not render the
evidence either legally or factually insufficient. As the trier of fact, it was for the trial
court to reconcile contradictions in the evidence and reversal will not result so long as
there is enough credible testimony to support the verdict. See Bowden v. State, 628
S.W.2d 782 (Tex. Crim. App. 1982). The evidence in the record supports a finding that
Best "restrained" Jannice with the intent to prevent her liberation by using or threatening
to use deadly force and that he did so with the requisite intent to terrorize her. 
Accordingly, we find the evidence is sufficient for the trier of fact to have found all of the
elements of aggravated kidnapping beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and Rabbani v. State, 847
S.W.2d 555, 558 (Tex. Crim. App. 1992). Further, the verdict is not so contrary to the
overwhelming weight of the evidence as to be manifestly unjust. See Clewis v. State, 922
S.W.2d 126, 135 (Tex. Crim. App. 1996). Issue one is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on March 4, 2003 

Opinion Delivered March 19, 2003

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. § 20.01. Definitions

 In this chapter:

 (1) "Restrain" means to restrict a person's movements without consent, so as to
interfere substantially with the person's liberty, by moving the person from one place to
another or by confining the person. Restraint is "without consent" if it is accomplished by:

 (A) force, intimidation, or deception; . . .

 (2) "Abduct" means to restrain a person with intent to prevent his liberation by: .
. .

 (B) using or threatening to use deadly force.

 . . . .


 § 20.04. Aggravated Kidnapping

 (a) A person commits an offense if he intentionally or knowingly abducts another
person with the intent to:

 . . . (5) terrorize him or a third person. . ..

 (b) A person commits an offense if the person intentionally or knowingly abducts
another person and uses or exhibits a deadly weapon during the commission of the offense.


Tex. Pen. Code Ann. §§ 20.01, 20.04 (Vernon Supp. 2003).