MARBLE v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-200-CR

JOHN PAUL MARBLE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant John Paul Marble of aggravated robbery with a deadly weapon and assessed punishment at seventeen years’ imprisonment. In one point, Appellant challenges the legal sufficiency of the evidence underlying his conviction.  Specifically, he asserts that the evidence is insufficient to show that he exhibited a deadly weapon.  We will affirm. 

Background Facts

LaToya Taylor and Appellant had dated prior to the date of the incident but had ended their relationship.  On the night of the robbery, Taylor and two of her girlfriends, LaThesia Hobson and Danielle Burden, attended a concert. Afterwards, they drove to a nightclub in Arlington, where Taylor encountered a former acquaintance, Kelly Burke.  Around 3:00 a.m., Taylor, Hobson, and Burden drove back to Taylor’s house.  Later, Burke called Taylor on her cell phone and told her that he was coming over to her house.

Sometime around 6:00 a.m., Appellant was outside Taylor’s front door asking to speak to her.  He told her to open the door, and when she refused he kicked in the front door.  Burden, Hobson, Taylor, and Burke all testified that Appellant had a gun.  Appellant pointed the gun at Burke and ordered him to empty his pockets.  He also told Taylor that she was going to watch Burke die.  Appellant then took Burke’s car keys and left.  When Taylor heard a car leave, she looked outside and saw Appellant’s car still parked near her house, but Burke’s car was missing. 

Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 
 Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Ross v. State
, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 
Tex. Code Crim. Proc. Ann
. art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re- evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). 

Here, Appellant argues that he never used or exhibited a gun.  He asserts that this is supported by the record because his parents testified at trial that Taylor called them and told them that Appellant did not have a gun.  Furthermore, Appellant argues that the four witnesses who testified about the gun could not describe it with specificity, so no reasonable juror could conclude that Appellant was guilty beyond a reasonable doubt.

Burden, Hobson, Taylor, and Burke all testified that Appellant kicked in the front door and had a gun.  Burden and Burke both testified that Appellant had a black gun; Burden thought that it was either a .22 or .25, while Burke thought it was a .22.  Three of the witnesses testified that Appellant pointed the gun at Burke and told him to empty his pockets, which held Burke’s car keys.  Taylor testified that after Burke emptied his pockets, Appellant took the keys and left the house.  Furthermore, she testified that after Appellant left the house, she heard a car start and then leave.  When she looked outside, she noticed that Appellant’s car was still parked outside, while Burke’s car was gone.

The sufficiency of the evidence is determined from the cumulative effect of all the evidence; each fact in isolation need not establish the guilt of the accused.  
See Alexander v. State
, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987).  Any discrepancies in the testimonies go to the weight and credibility of the witnesses and were before the jury for its consideration.  
See Bowden v. State
, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).  After reviewing all the evidence in this case, we hold that the evidence is legally sufficient to support 

Appellant’s conviction of aggravated robbery with a deadly weapon.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL B:  HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  May 19, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.