COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-200-CR
  
  
JOHN 
PAUL MARBLE                                                             APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant John Paul Marble of aggravated robbery with a deadly 
weapon and assessed punishment at seventeen years’ imprisonment. In one point, 
Appellant challenges the legal sufficiency of the evidence underlying his 
conviction. Specifically, he asserts that the evidence is insufficient to show 
that he exhibited a deadly weapon. We will affirm.
Background 
Facts
        LaToya 
Taylor and Appellant had dated prior to the date of the incident but had ended 
their relationship. On the night of the robbery, Taylor and two of her 
girlfriends, LaThesia Hobson and Danielle Burden, attended a concert. 
Afterwards, they drove to a nightclub in Arlington, where Taylor encountered a 
former acquaintance, Kelly Burke. Around 3:00 a.m., Taylor, Hobson, and Burden 
drove back to Taylor’s house. Later, Burke called Taylor on her cell phone and 
told her that he was coming over to her house.
        Sometime 
around 6:00 a.m., Appellant was outside Taylor’s front door asking to speak to 
her. He told her to open the door, and when she refused he kicked in the front 
door. Burden, Hobson, Taylor, and Burke all testified that Appellant had a gun. 
Appellant pointed the gun at Burke and ordered him to empty his pockets. He also 
told Taylor that she was going to watch Burke die. Appellant then took Burke’s 
car keys and left. When Taylor heard a car leave, she looked outside and saw 
Appellant’s car still parked near her house, but Burke’s car was missing.
Legal 
Sufficiency
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. The trier of 
fact is the sole judge of the weight and credibility of the evidence. See 
Tex. Code Crim. Proc. Ann. art. 
38.04 (Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. 
App. 2000). Thus, when performing a legal sufficiency review, we may not re- 
evaluate the weight and credibility of the evidence and substitute our judgment 
for that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. 
Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000). We must resolve any 
inconsistencies in the evidence in favor of the verdict. Curry v. State, 
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
        Here, 
Appellant argues that he never used or exhibited a gun. He asserts that this is 
supported by the record because his parents testified at trial that Taylor 
called them and told them that Appellant did not have a gun. Furthermore, 
Appellant argues that the four witnesses who testified about the gun could not 
describe it with specificity, so no reasonable juror could conclude that 
Appellant was guilty beyond a reasonable doubt.
        Burden, 
Hobson, Taylor, and Burke all testified that Appellant kicked in the front door 
and had a gun. Burden and Burke both testified that Appellant had a black gun; 
Burden thought that it was either a .22 or .25, while Burke thought it was a 
.22. Three of the witnesses testified that Appellant pointed the gun at Burke 
and told him to empty his pockets, which held Burke’s car keys. Taylor 
testified that after Burke emptied his pockets, Appellant took the keys and left 
the house. Furthermore, she testified that after Appellant left the house, she 
heard a car start and then leave. When she looked outside, she noticed that 
Appellant’s car was still parked outside, while Burke’s car was gone.
        The 
sufficiency of the evidence is determined from the cumulative effect of all the 
evidence; each fact in isolation need not establish the guilt of the accused. See 
Alexander v. State, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987). Any 
discrepancies in the testimonies go to the weight and credibility of the 
witnesses and were before the jury for its consideration. See Bowden v. State, 
628 S.W.2d 782, 784 (Tex. Crim. App. 1982). After reviewing all the evidence in 
this case, we hold that the evidence is legally sufficient to support 
Appellant’s conviction of aggravated robbery with a deadly weapon. We overrule 
Appellant’s sole point and affirm the trial court’s judgment.
    
    
                                                                  PER 
CURIAM
  
  
  
PANEL 
B: HOLMAN, GARDNER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
May 19, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.