# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-00-00082-CR

---

**Carlos Cantu, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT
NO. 98-204, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING**

---

A jury found appellant Carlos Cantu guilty of murder and two counts of aggravated assault. *See* Tex. Penal Code Ann. §§ 19.02, 22.02 (West 1994). The jury assessed punishment at imprisonment for twenty years and a $5000 fine for the murder, and at imprisonment for fifteen years for the assaults. We will affirm.

A large group of people, including Roger Lerma, Frank Tello, and Cisco Garcia, attended a party at appellant's residence in Lockhart on the night of February 20, 1998. Most of the young men at the party, including appellant, were members of a local gang named La Rosa Negra. Vehicles occupied by persons not affiliated with La Rosa Negra drove past appellant's residence several times during the course of the night. Appellant claimed that these persons threw rocks and bottles at his house. Members of both groups shouted curses and insults at each other. Eventually, the vehicles stopped and several occupants got out, among them Henry Silva, Ronnie Valdez, and Chris Baltierra.

At this point, there was a flurry of activity in appellant's house. Lerma, who was armed with a .45 caliber pistol, said, "Let's go down the street and start something." Tello, who had a .380 caliber pistol, responded, "I'll have your back." Appellant, who claimed at trial that he did not want trouble, armed himself with a .38 caliber pistol and went outside with Lerma and Tello. They were joined by Garcia, who was carrying a shotgun. A witness testified that appellant asked Tello, "Should I shoot?" Tello answered, "Go for it." The men took up positions on both sides of the street in front of appellant's residence. More insults and challenges to fight were exchanged between the rival groups. Then shots were fired from the direction of appellant's house. A bullet struck Silva, who later died. It is undisputed that appellant, Tello, and Lerma fired their weapons, and that Lerma fired the fatal shot.

Appellant was convicted for murdering Silva and assaulting Valdez and Baltierra with a deadly weapon.[1] In three points of error, appellant contends the evidence is legally insufficient to sustain the verdicts. In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981).

---

[1] Lerma and Tello were also convicted for these offenses. Their convictions were previously affirmed by this Court. *See Lerma v. State*, No. 03-99-00827-CR (Tex. App.—Austin Feb. 15, 2001, no pet.) (not designated for publication); *Tello v. State*, No. 03-99-00713-CR (Tex. App.—Austin Feb. 28, 2001, no pet.) (not designated for publication).

The district court authorized appellant's conviction as a party to the murder and as both the primary actor and a party to the aggravated assaults. *See* Tex. Penal Code Ann. § 7.02 (West 1994). The court also charged the jury on the law of self-defense, defense of third persons, and defense of property. *See* Tex. Penal Code Ann. §§ 9.31, .32, .33, .41, .42 (West 1994 & Supp. 2001). In each point of error, appellant asks: (1) Did appellant fire toward the crowd of people in the street, or did he fire into the air? (2) Did appellant act as a party? (3) Did appellant act in self-defense?

Appellant admitted firing his pistol twice during the fracas, but insisted that both shots were fired into the air in an attempt to scare away the hostile group. Another witness testified, however, that appellant fired once in the direction of Silva, Valdez, and Baltierra. Appellant argues that the greater weight of the evidence supports the conclusion that he fired both shots into the air, but the jury was the exclusive judge of the credibility of the witnesses and was free to conclude otherwise. *See Bonham v.* State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984); *Castellano v. State*, 810 S.W.2d 800, 807 (Tex. App.—Austin 1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). When conducting a legal sufficiency analysis, we resolve all conflicts in the evidence in favor of the State.[2] *State v. Bowden*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).

Appellant does not question the sufficiency of the evidence to establish that Lerma either intentionally or knowingly shot Silva, or committed an act clearly dangerous to human life by

---

[2] Appellant's argument is better suited to a factual sufficiency challenge, one that appellant expressly disclaims. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd untimely filed).

3

shooting at Silva with the intent to cause serious bodily injury. *See* Tex. Penal Code Ann. § 19.02(b)(1), (2). He urges, however, that the State did not prove that he aided or attempted to aid Lerma with the intent to promote or assist the commission of the murder. *See* Tex. Penal Code Ann. § 7.02(a)(2).

To establish culpability as a party, the evidence must show that the alleged parties were acting together, each doing some part in the execution of a common design. *Rivera v. State*, 990 S.W.2d 882, 887 (Tex. App.—Austin 1999, pet. ref'd). The agreement to act in a common design may be proved either by direct or circumstantial evidence. *Id.* In determining whether a person participated as a party to the commission of an offense, the fact finder may look to events occurring before, during, and after the offense, and may place reliance on acts showing an understanding and common design to commit the culpable act. *Id.* at 887-88. The evidence is sufficient where the accused is present and encourages the commission of the offense by words or other agreement. *Id.* at 888.

Appellant armed himself with a pistol and went outside to confront the rival group in response to Lerma's call to "go down the street and start something." Appellant knew that both Lerma and Tello were also armed. Appellant asked Tello if he should shoot and was encouraged to "go for it." A rational trier of fact could infer from this evidence that appellant, Lerma, and Tello were acting together pursuant to a common understanding or design to shoot at the other group. A rational fact-finder could also conclude beyond a reasonable doubt that by shooting at the other group, appellant aided or attempted to aid Lerma in the commission of the murder and that he did so with the intent to promote or assist the commission of the offense.

4

Valdez and Baltierra each testified that he was placed in fear for his life when the shooting started. Appellant effectively admitted that this was his intent when he testified that he fired for the purpose of scaring the members of the rival group. From the evidence summarized above, a rational trier of fact could find beyond a reasonable doubt that appellant used a deadly weapon to intentionally threaten Valdez and Baltierra with imminent bodily injury. *See* Tex. Penal Code Ann. §§ 22.01(a)(2), .02(a)(2) (West 1994 & Supp. 2001). Alternatively, a rational trier of fact could find beyond a reasonable doubt that Lerma assaulted Valdez and Baltierra and that appellant aided him with the requisite intent.

A person is justified in using deadly force against another if, among other things, he reasonably believes that deadly force is immediately necessary to protect himself against the other's use or attempted use of unlawful deadly force. Tex. Penal Code Ann. § 9.32(a)(3)(A). There is no evidence that Silva, Valdez, Baltierra, or any of their companions was armed with a deadly weapon on the night in question. Even appellant's claim that the rival group threw rocks and bottles was contradicted by other testimony, including that of police officers who testified that they found no rocks, bottles, or broken glass outside appellant's house after the shooting. Viewing the evidence in the light most favorable to the verdicts, a rational trier of fact could find beyond a reasonable doubt that appellant, Lerma, and Tello were not justified in using deadly force on the night in question. *See* *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).

5

We find the evidence legally sufficient to sustain the jury's verdicts and overrule the three points of error.  The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   June 29, 2001

Do Not Publish