# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00570-CR

**John Joseph Anthony, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY
### NO. 0810369, HONORABLE DARYL RUSSELL COFFEY, JUDGE PRESIDING

A jury found John Joseph Anthony guilty of assault causing bodily injury. *See* Tex. Pen. Code Ann. ' 22.01 (West Supp. 2002). The trial judge sentenced Anthony to 180 days in the Tarrant County Jail and a $500 fine. On appeal, Anthony raises two points of error. First, he asserts that the evidence is factually insufficient to support his conviction, and second, that the court erred in admitting alleged hearsay testimony of a second victim of the assault. We will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The charges against Anthony stem from an altercation that occurred when Andrea Wilferd, Anthony=s estranged wife, and Timothy Offutt drove to Anthony=s house. According to Offutt=s testimony at trial, after a brief verbal exchange Anthony punched Offutt in the face with a closed fist through an open car window. Using a cell phone, Wilferd attempted to report the incident to the police. Anthony then proceeded to the driver=s side of the car, struggled with Wilferd, and threw both the cell phone and the car

keys away from the car. Offutt also testified that Anthony pulled a knife and threatened to slash the car=s tires, but that Anthony gave the knife to Wilferd after she yelled at him. After retrieving the car keys, roommates Wilferd and Offutt returned to their house and called the police a second time.

Deputy Roy with the Tarrant County Sheriff=s Department responded to the 911 call made by Wilferd. The State introduced a partial tape of the 911 call at trial. Roy also testified at trial that Offutt=s face was red and swollen when he arrived. Although he testified that he saw no visible injury on Wilferd, he described her as upset, confused, and angry.

A jury found Anthony guilty of assault causing bodily injury. On appeal Anthony challenges the factual sufficiency of the evidence, and alleges the court erred in admitting Deputy Roy=s testimony relating statements made to him by Wilferd during his investigation of the incident.

## DISCUSSION

*Factual Sufficiency of the Evidence*

**In his first point of error, Anthony challenges the factual sufficiency of the evidence of assault. The court of appeals reviews the judgment of a trial court to determine the factual sufficiency of the evidence used to establish the elements of an offense. *Johnson v. State*, 23 S.W.3d 1, 6 (Tex. Crim. App. 2000). We consider all evidence equally without a presumption. *See Roberts v. State*, 9 S.W.3d 460, 461 (Tex. App.C Austin 1999, no pet.). However, we do not substitute our judgment for that of the jury, and will set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Furthermore, we may not reverse a jury=s verdict**

merely because we disagree with the result. *Cain v. State,* 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

Anthony contends Offutt=s testimony consists of unbelievable and conflicting statements. Specifically, Anthony contends that Offutt=s testimony does not show how it was possible for him to have hit Offutt through an open car window, and that there are some apparent inconsistencies in Offutt=s testimony. Anthony maintains that it was virtually impossible for him to strike Offutt=s left cheek while Offutt was seated in the passenger seat. Offutt, however, testified that he turned his head Adirectly sideways@ so that his face was Adirectly even@ with Anthony=s. Anthony further alleges Offutt=s testimony regarding Anthony=s body position during the assault was inconsistent. Offutt stated on direct examination that Anthony knelt, then stood up and hit him. On cross-examination Offutt described Anthony=s body position as a Asquat.@ Offutt also maintained that the punch was thrown as Anthony was standing up. The jury could have concluded that Offutt=s testimony during cross-examination was a clarification, rather than an inconsistent description, of Anthony=s body position and actions. In addition, Offutt acted out Anthony=s actions to demonstrate how Anthony was able to punch Offutt through the car window.

The remaining claimed inconsistencies in Offutt=s testimony address collateral matters relating to Offutt=s knowledge regarding certain property belonging to Anthony and Wilferd and the status of their marital relationship (Wilferd and Anthony were separated at the time of the incident). Moreover, Offutt=s testimony is corroborated by that of Deputy Roy and the tape recording of the 911 call. We also note that in challenging the insufficiency of the

3

evidence, Anthony has not identified or presented any controverting evidence, but rather relies solely on what he views as Offutt=s implausible testimony. The record provides ample support for the jury=s verdict. Therefore, we cannot conclude the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

The jury, as trier of fact, is the ultimate judge of the credibility of the witnesses and the weight to be given their testimony. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). The jury is entitled to accept or reject all or any part of the testimony by the witnesses for the State or accused. *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Reconciliation of evidentiary conflicts is solely a function of the trier of fact. *Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982); *Miller v. State*, 909 S.W.2d 586, 593 (Tex. App.CAustin 1995, no pet.). The jury was able to observe Offutt=s demeanor during his testimony and demonstration, and was able to evaluate his testimony in light of other, corroborating evidence. They could reasonably have found Offutt=s testimony credible based on his consistent statements regarding the actual assault, and on corroborating evidence presented at trial. Therefore, we overrule Anthony=s first point of error.

*Admission of Wilferd=s Hearsay Statements Through Deputy Roy=s Testimony*

In his second point of error, Anthony contends the trial court erred in admitting Wilferd=s hearsay statements through Deputy Roy=s testimony. At trial, the court admitted Wilferd=s statements under the excited utterance exception to the hearsay rule. *See* Tex. R.

4

Evid. 803(2).[1]  An appellate court reviews the admissibility of an excited utterance exception to the hearsay rule under an abuse of discretion standard.  *See Salazar v. State,* 38 S.W.3d 141, 153-54 (Tex. Crim. App.), *cert. denied,* 122 S. Ct. 127 (2001), 2001 U.S. LEXIS 6061.  Even if the appellate court reaches a different result, it should not intercede as long as the trial court=s ruling was within the Azone of reasonable disagreement.@ *Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh=g).

Hearsay is generally inadmissible.  *See* Tex. R. Evid. 802.  However, a Astatement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition@ may be admissible as an exception to the hearsay rule.  Tex. R. Evid. 803(2).  To be admissible as an excited utterance, the statement must have been made while the declarant was Adominated by the emotions, excitement, fear, or pain of the event.@ *McFarland v. State,* 845 S.W.2d 824, 846 (Tex. Crim. App. 1992).  Wilferd=s statements to Roy were made shortly after the altercation with Anthony.  Roy testified that Wilferd was crying when he responded to the 911 call and he described her as upset, confused, and angry.  Additionally, Roy stated that Wilferd was slightly emotional as a result of the recent event.  The event Wilferd experienced was sufficiently startling to support a conclusion that she was still dominated by the emotions caused by the assault when she made the statements to Roy.  Thus, it is not outside the zone of reasonable disagreement for the trial court to find her statements admissible as an excited utterance.  We find that the trial court did not abuse its discretion by

---

[1] The court also ruled the statements admissible under the Rule 803(3) exception.  *See* Tex. R.

finding Wilferd=s statements were excited utterances and thus admissible as an exception to the hearsay rule.

Because we hold the trial court did not abuse its discretion by admitting the statements under the excited utterance exception to the hearsay rule, we need not reach Anthony=s alternative contention that the statements were not admissible as a then existing mental, physical, or emotional condition.

*Harmless Error*

Even if the admission of Wilferd=s hearsay statements were improper, it would constitute harmless error. Anthony contends the improper admission of the hearsay statements amounts to reversible error because it affects a substantial right. Erroneously admitted evidence is a violation of evidentiary rules and thus non-constitutional error. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A non-constitutional error that does not affect Anthony=s substantial right must be disregarded. Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury=s verdict. *King,* 953 S.W.2d at 271. An error in the admission of a hearsay statement is harmless if other evidence is properly admitted proving the same fact. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986).

Had the admission of Wilferd=s hearsay statements been error, it would constitute harmless error because other testimony and evidence presented at trial detailed the same

Evid. 803(3) (AThen Existing Mental, Emotional, or Physical Condition@).

6

information.  First, the 911 tape evidenced Wilferd=s emotional state and the events that had recently taken place.  Second, Offutt=s testimony and demonstration also related the events that took place during the confrontation with Anthony.  Finally, Roy described the injury to Offutt=s face, noting that it was red and swollen.  Therefore, the statements of which Anthony complains are cumulative and would be  harmless, if admitted in error.

## CONCLUSION

There is sufficient evidence in this case to support the jury=s guilty verdict.  The trial court did not abuse its discretion in admitting hearsay statements of Wilferd under the excited utterance exception to the hearsay rule.  Having overruled both points of error, we affirm the trial court=s judgment.

_____

**Bea Ann Smith, Justice**

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   June 6, 2002

Do Not Publish

7