TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00570-CR






John Joseph Anthony, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY


NO. 0810369, HONORABLE DARYL RUSSELL COFFEY, JUDGE PRESIDING







 A jury found John Joseph Anthony guilty of assault causing bodily injury. See Tex.
Pen. Code Ann. § 22.01 (West Supp. 2002). The trial judge sentenced Anthony to 180 days in the
Tarrant County Jail and a $500 fine. On appeal, Anthony raises two points of error. First, he asserts
that the evidence is factually insufficient to support his conviction, and second, that the court erred
in admitting alleged hearsay testimony of a second victim of the assault. We will affirm the
judgment. 


FACTUAL AND PROCEDURAL BACKGROUND The charges against Anthony stem from an altercation that occurred when Andrea
Wilferd, Anthony's estranged wife, and Timothy Offutt drove to Anthony's house. According to
Offutt's testimony at trial, after a brief verbal exchange Anthony punched Offutt in the face with a
closed fist through an open car window. Using a cell phone, Wilferd attempted to report the incident
to the police. Anthony then proceeded to the driver's side of the car, struggled with Wilferd, and
threw both the cell phone and the car keys away from the car. Offutt also testified that Anthony
pulled a knife and threatened to slash the car's tires, but that Anthony gave the knife to Wilferd after
she yelled at him. After retrieving the car keys, roommates Wilferd and Offutt returned to their
house and called the police a second time.

 Deputy Roy with the Tarrant County Sheriff's Department responded to the 911 call
made by Wilferd. The State introduced a partial tape of the 911 call at trial. Roy also testified at
trial that Offutt's face was red and swollen when he arrived. Although he testified that he saw no
visible injury on Wilferd, he described her as upset, confused, and angry. 

 A jury found Anthony guilty of assault causing bodily injury. On appeal Anthony
challenges the factual sufficiency of the evidence, and alleges the court erred in admitting Deputy
Roy's testimony relating statements made to him by Wilferd during his investigation of the incident.


DISCUSSION

Factual Sufficiency of the Evidence

 In his first point of error, Anthony challenges the factual sufficiency of the evidence
of assault. The court of appeals reviews the judgment of a trial court to determine the factual
sufficiency of the evidence used to establish the elements of an offense. Johnson v. State, 23 S.W.3d
1, 6 (Tex. Crim. App. 2000). We consider all evidence equally without a presumption. See Roberts
v. State, 9 S.W.3d 460, 461 (Tex. App.--Austin 1999, no pet.). However, we do not substitute our
judgment for that of the jury, and will set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996). Furthermore, we may not reverse a jury's verdict merely
because we disagree with the result. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

 Anthony contends Offutt's testimony consists of unbelievable and conflicting
statements. Specifically, Anthony contends that Offutt's testimony does not show how it was
possible for him to have hit Offutt through an open car window, and that there are some apparent 
inconsistencies in Offutt's testimony. Anthony maintains that it was virtually impossible for him
to strike Offutt's left cheek while Offutt was seated in the passenger seat. Offutt, however, testified
that he turned his head "directly sideways" so that his face was "directly even" with Anthony's. 
Anthony further alleges Offutt's testimony regarding Anthony's body position during the assault was
inconsistent. Offutt stated on direct examination that Anthony knelt, then stood up and hit him. On
cross-examination Offutt described Anthony's body position as a "squat." Offutt also maintained
that the punch was thrown as Anthony was standing up. The jury could have concluded that Offutt's
testimony during cross-examination was a clarification, rather than an inconsistent description, of
Anthony's body position and actions. In addition, Offutt acted out Anthony's actions to demonstrate
how Anthony was able to punch Offutt through the car window.

 The remaining claimed inconsistencies in Offutt's testimony address collateral
matters relating to Offutt's knowledge regarding certain property belonging to Anthony and Wilferd
and the status of their marital relationship (Wilferd and Anthony were separated at the time of the
incident). Moreover, Offutt's testimony is corroborated by that of Deputy Roy and the tape
recording of the 911 call. We also note that in challenging the insufficiency of the evidence,
Anthony has not identified or presented any controverting evidence, but rather relies solely on what
he views as Offutt's implausible testimony. The record provides ample support for the jury's verdict. 
Therefore, we cannot conclude the verdict is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust.

 The jury, as trier of fact, is the ultimate judge of the credibility of the witnesses and
the weight to be given their testimony. See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). The
jury is entitled to accept or reject all or any part of the testimony by the witnesses for the State or
accused. Beardsley v. State, 738 S.W.2d 681, 684 (Tex. Crim. App. 1987); Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986). Reconciliation of evidentiary conflicts is solely a function
of the trier of fact. Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982); Miller v. State,
909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.). The jury was able to observe Offutt's
demeanor during his testimony and demonstration, and was able to evaluate his testimony in light
of other, corroborating evidence. They could reasonably have found Offutt's testimony credible
based on his consistent statements regarding the actual assault, and on corroborating evidence
presented at trial. Therefore, we overrule Anthony's first point of error. 


Admission of Wilferd's Hearsay Statements Through Deputy Roy's Testimony

 In his second point of error, Anthony contends the trial court erred in admitting
Wilferd's hearsay statements through Deputy Roy's testimony. At trial, the court admitted Wilferd's
statements under the excited utterance exception to the hearsay rule. See Tex. R. Evid. 803(2). (1) An
appellate court reviews the admissibility of an excited utterance exception to the hearsay rule under
an abuse of discretion standard. See Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App.),
cert. denied, 122 S. Ct. 127 (2001), 2001 U.S. LEXIS 6061. Even if the appellate court reaches a
different result, it should not intercede as long as the trial court's ruling was within the "zone of
reasonable disagreement." Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op.
on reh'g).

 Hearsay is generally inadmissible. See Tex. R. Evid. 802. However, a "statement 
relating to a startling event or condition made while the declarant was under the stress of excitement
caused by the event or condition" may be admissible as an exception to the hearsay rule. Tex. R.
Evid. 803(2). To be admissible as an excited utterance, the statement must have been made while
the declarant was "dominated by the emotions, excitement, fear, or pain of the event." McFarland
v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992). Wilferd's statements to Roy were made
shortly after the altercation with Anthony. Roy testified that Wilferd was crying when he responded
to the 911 call and he described her as upset, confused, and angry. Additionally, Roy stated that
Wilferd was slightly emotional as a result of the recent event. The event Wilferd experienced was
sufficiently startling to support a conclusion that she was still dominated by the emotions caused by
the assault when she made the statements to Roy. Thus, it is not outside the zone of reasonable
disagreement for the trial court to find her statements admissible as an excited utterance. We find
that the trial court did not abuse its discretion by finding Wilferd's statements were excited
utterances and thus admissible as an exception to the hearsay rule. 

 Because we hold the trial court did not abuse its discretion by admitting the
statements under the excited utterance exception to the hearsay rule, we need not reach Anthony's
alternative contention that the statements were not admissible as a then existing mental, physical,
or emotional condition. 

Harmless Error

 Even if the admission of Wilferd's hearsay statements were improper, it would
constitute harmless error. Anthony contends the improper admission of the hearsay statements
amounts to reversible error because it affects a substantial right. Erroneously admitted evidence is
a violation of evidentiary rules and thus non-constitutional error. See King v. State, 953 S.W.2d 266,
271 (Tex. Crim. App. 1997). A non-constitutional error that does not affect Anthony's substantial
right must be disregarded. Tex. R. App. P. 44.2(b). A substantial right is affected when the error
had a substantial and injurious effect or influence in determining the jury's verdict. King, 953
S.W.2d at 271. An error in the admission of a hearsay statement is harmless if other evidence is
properly admitted proving the same fact. See Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim.
App. 1986). 

 Had the admission of Wilferd's hearsay statements been error, it would constitute
harmless error because other testimony and evidence presented at trial detailed the same information. 
First, the 911 tape evidenced Wilferd's emotional state and the events that had recently taken place. 
Second, Offutt's testimony and demonstration also related the events that took place during the
confrontation with Anthony. Finally, Roy described the injury to Offutt's face, noting that it was red
and swollen. Therefore, the statements of which Anthony complains are cumulative and would be 
harmless, if admitted in error. 


CONCLUSION

 There is sufficient evidence in this case to support the jury's guilty verdict. The trial
court did not abuse its discretion in admitting hearsay statements of Wilferd under the excited
utterance exception to the hearsay rule. Having overruled both points of error, we affirm the trial
court's judgment.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: June 6, 2002

Do Not Publish

1.   The court also ruled the statements admissible under the Rule 803(3) exception. See Tex.
R. Evid. 803(3) ("Then Existing Mental, Emotional, or Physical Condition").