NUMBER 13-04-00537-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


MARCUS RENE LOYA,                                                                    Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


    On appeal from the 377th District Court of Victoria County,
Texas.

                                                                  
                                                     

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Marcus Rene Loya, guilty of
one count of murder[1]
and one count of engaging in
organized criminal activity[2]
and assessed his punishment at life imprisonment and a $10,000 fine.  In four issues, appellant contends (1) the
State violated his right to due process (2) and the evidence is legally
insufficient to support his convictions. 
We affirm.

                                                             A.  Background

On November 24, 2003, six-year-old Robert
Conchola, Jr. was shot in the face while sleeping on a pallet in the living
room of his parents= trailer home.  The child was pronounced dead at the
hospital.  His father, Robert Conchola,
was an alleged member of the street gang, La Raza Unida.  On that night, a rival street gang, the
Hermanos de Pistoleros Latinos (AHPL@), stood opposite of Conchola=s trailer and shot indiscriminately into the
trailer.  Appellant was a member of the
HPL.

                                                             B.  Due
Process

  In
his first, second, and third issues, appellant contends his right to due
process was violated because the State did not disclose to the jury that it had
agreements with certain witnesses and that some of the witnesses were parties
to the offense for which appellant was on trial.

Appellant, however, has failed to present us
with a clear or concise argument in support of this contention and has failed
to present appropriate references to authorities as required by rule 38.1(h) of
the rules of appellate procedure.  See
Tex. R. App. P. 38.1(h).  Because appellant's first, second, and third
issues are inadequately briefed, we overrule them.    

                                            C. 
Sufficiency of the Evidence

In his fourth issue, appellant contends the
evidence is legally insufficient to support his convictions for murder and
engaging in organized criminal activity.








When we review the legal sufficiency of the
evidence, we look at all the evidence in the light most favorable to the
verdict to determine whether any rational jury could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Patrick
v. State, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); Turro v. State,
867 S.W.2d 43, 46-47 (Tex. Crim. App. 1993). 
Sufficiency of the evidence is measured by the hypothetically correct
jury charge, which accurately sets out the law, is authorized by the
indictment, and does not unnecessarily increase the State's burden of
proof.  Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105
(Tex. App.BCorpus Christi 1999, pet. ref'd).  The jury, as the sole judge of the
credibility of the witnesses and the weight to be given their testimony, is
free to accept or reject all or any part of the testimony of any witness.  Tex.
Code Crim. Proc. art. 38.04 (Vernon 1979); Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986); Bowden v. State, 628 S.W.2d 782,
784 (Tex. Crim. App. 1982).








A person commits the offense of engaging in
organized criminal activity if, with the intent to establish, maintain, or
participate in a combination or in the profits of a combination or as a member
of a criminal street gang, the person commits or conspires to commit one or
more of various acts including murder.  Tex. Pen. Code Ann. ' 71.02(a)(1) (Vernon Supp. 2005).  A person commits the offense of murder if
he:  (1) intentionally or knowingly
causes the death of an individual; (2) intends to cause serious bodily injury
and commits an act clearly dangerous to human life that causes the death of an
individual; or (3) commits or attempts to commit a felony, other than
manslaughter, and in the course of and in furtherance of the commission or
attempt, or in immediate flight from the commission or attempt, the person
commits or attempts to commit an act clearly dangerous to human life that
causes the death of an individual.  Id.
' 19.02(b).

The first count of the indictment alleged
that appellant, as a member of a street gang, conspired with other members to
commit the offense of murder by shooting a firearm at or in the direction of a
habitation and by shooting at its inhabitants. 
The second count of the indictment alleged that appellant intentionally
and knowingly caused the death of Robert Conchola, Jr. by shooting him in the
face with a firearm.

Appellant argues that because two of the
State=s primary witnesses, Paul Benavides and
Delissa Perez Garcia, had a history of participating in illegal activities and
were  alleged accomplices to the offense,
their testimony was unbelievable.  A
conviction based in part on accomplice witness testimony may be upheld if it is
corroborated by non-accomplice evidence. 
Tex. Code Crim. Proc. art.
38.14 (Vernon 1979).  The test to
determine whether an accomplice witness's testimony is corroborated is to
eliminate the accomplice testimony from consideration and determine whether
there is any other incriminating evidence which tends to connect appellant with
the commission of the offense.  McDuff
v. State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997) (en banc); see Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 1979) (providing that corroboration is insufficient if it merely shows
commission of the offense).  The
non-accomplice testimony need not directly link the accused to the crime or be
sufficient in itself to establish guilt. Reed v. State, 744 S.W.2d 112,
126 (Tex. Crim. App. 1988).  Rather, the
non‑accomplice evidence merely has to tend to connect appellant to the
offense.  Hernandez v. State, 52
S.W.3d 268, 279 (Tex. App.BCorpus Christi 2001, no pet.).








The State offered several pieces of physical
evidence to support its contention that 
appellant was a member of the HPL. 
The evidence included a document produced by the Texas Department of
Criminal Justice that  said appellant was
a confirmed member of the HPL, multiple photographs of appellant posing with
other members of the HPL, and a telephone book found in the possession of an
HPL member which contained appellant=s telephone number.  In addition, several non-accomplice witnesses
used photographs provided by the State to identify appellant as a member of the
HPL.

The State also presented testimony from
non-accomplice witnesses showing how appellant and the HPL were involved in the
shooting and murder of the child victim. 
Jennifer Munoz testified that on the day of the shooting she had
expected appellant to join her at her home; however, appellant called her and
told her that he had some business to take care of that evening.  Munoz found out that Robert Conchola, Jr. had
been shot that night because the child was her nephew.  She went to the hospital but left when it
became apparent that the child would not make it.  Munoz did not hear from appellant again until
she returned from the hospital.  Appellant
called Munoz and attempted to converse normally with her, but Munoz=s suspicions were piqued, and she asked him
whether he had been involved in the shooting. 
At that point, Munoz said appellant became quiet and hung up the phone.

Joe Ochoa lived with his mother across the
street from the Concholas.  He testified
that on the night of the offense he was in bed when he heard a series of
gunshots.  Alarmed, he scrambled out of
bed, went into the living room, and looked out a window.  He saw a group of people standing in a
staggered formation across the street from the Conchola trailer.  Ochoa saw the people fire into the trailer.  Joe Ochoa=s mother, Mary Lou Torres, testified that on
the night in question the sound of gunshots woke her up.








Vladimir Parungo, M.D., performed an autopsy
on the body of Robert Conchola, Jr. 
According to the autopsy report, a .38 caliber bullet was found
underneath the child=s scalp.

Officer Tommy Copeland investigated the
crime scene and gathered numerous shell casings at the scene.  Officer Copeland showed the trajectory of
many of the bullets from the holes they made in the trailer, including the trajectory
of the bullet that killed Robert Conchola, Jr. 
Other officers testified they found firearms in the possession of
various HPL members that fired the bullets found at the scene.

We consider the non-accomplice evidence more
than sufficient to connect appellant to the charged offenses and to corroborate
the testimony of the accomplice witnesses. 
In addition, the jury charge cautioned the jurors against placing their
entire decision on the weight of the testimony of either of the two accomplice
witnesses, Paul Benavides and Delissa Perez Garcia.

Benavides testified that sometime in the
fall of 2003, the HPL decided to kill Robert Conchola.  They made two attempts.  The first attempt to kill Robert Conchola was
on the evening of November 23.  On that
day, HPL members, including appellant, gathered at the home of an HPL member to
finalize plans before going to Conchola=s neighborhood.  Benavides testified that all HPL members,
including appellant, possessed firearms. 
The HPL=s plan to shoot at Conchola=s trailer floundered that night because the
repeated appearance of police cruisers aroused the fears of the gang=s leaders. 
A second attempt to kill Robert Conchola was made on the evening of
November 24.  Again, HPL members gathered
at a member=s home to finalize plans.  Benavides said appellant was present and
armed and went with the group to Conchola=s neighborhood.  Benavides, however, was not part of the group
that went to the Conchola home.








Garcia testified that appellant was at her
home all day on November 24.  Appellant
left Garcia=s home late in the afternoon with two fellow
members of the HPL.  Garcia did not hear
from appellant again until after midnight the next day.  She said that he called her in a state of exhaustion.  According to Garcia, appellant told her to Abe watching the news@ and that she would Asee what they had done to the trailer.@

The jury decides the credibility of the
witnesses.  Sharp, 707 S.W.2d at
614; Bowden, 628 S.W.2d at 784. 
Looking at all of the evidence in the light most favorable to the
verdict, we conclude that a rational jury could have found beyond a reasonable
doubt that appellant engaged in organized criminal activity as a member of HPL
and knowingly and intentionally participated in the murder of Robert Conchola,
Jr.  Accordingly, we conclude the
evidence is legally sufficient to support his conviction.  Appellant=s fourth issue is overruled.

The judgment of the trial court is affirmed.

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this
the 6th day of July, 2006.

 

 

 

 

 











[1] Tex. Pen.
Code Ann. '19.02 (Vernon 2003).





[2] Tex. Pen.
Code Ann. ' 71.02 (Vernon Supp. 2005).