NUMBER 13-05-00301-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       
   

FRANCIS JERALD VASSUER,                                                        Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

                                                                                                                       


  On appeal from the 36th District Court of San Patricio
County, Texas.

                                                               
                                                        

                       MEMORANDUM OPINION

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Francis Jerald
Vassuer, guilty of one count of burglary[1]
and one count of aggravated robbery,[2]
and assessed his punishment at twenty years= imprisonment for each count.  In one issue, appellant contends the evidence
is insufficient to support his convictions for burglary and aggravated
robbery.  We affirm.                    

In his statement of issues, appellant
specifically challenges only the factual sufficiency of the evidence.  However, in his prayer for relief, appellant
requests acquittal.  Because acquittal is
only appropriate when a legal sufficiency challenge is sustained, we will
review the evidence under both legal and factual sufficiency standards.  See Loredo v. State, 130 S.W.3d
275, 278 (Tex. App.BHouston [14th Dist.] 2004, pet. ref=d).

                                                     A. Standard of Review

When we review the legal sufficiency of the
evidence, we look at all the evidence in the light most favorable to the
verdict to determine whether any rational jury could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Patrick
v. State, 906 S.W.2d 481, 486 (Tex. Crim. App. 1995); Turro v. State,
867 S.W.2d 43, 46-47 (Tex. Crim. App. 1993). 
Sufficiency of the evidence is measured by a hypothetically correct jury
charge, which accurately sets out the law, is authorized by the indictment, and
does not unnecessarily increase the State=s burden of proof.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex.
App.BCorpus Christi 1999, pet. ref=d). 
The jury, as the sole judge of the credibility of the witnesses and the
weight to be given their testimony, is free to accept or reject all or any part
of the testimony of any witness.  Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 2005); Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986); Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).

            In
a factual sufficiency review, we must determine Awhether a neutral review of all the evidence,
both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury=s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof.@  Johnson, 23 S.W.3d at 11.  Evidence is factually insufficient if:  (1) it is so weak as to be clearly wrong and
manifestly unjust; or (2) the adverse finding is against the great weight and
preponderance of the available evidence.  Id. 
ADue deference must be accorded the fact
finder=s determinations, particularly those
determinations concerning the weight and credibility of the evidence.@  Id.
at 9.          

                                                                  B.
Analysis

Appellant contends the evidence is
insufficient to support his convictions for one count of burglary and one count
of aggravated robbery.

A person commits the offense of burglary if,
without the effective consent of the owner, the person enters a habitation or a
building (or any portion of a building) not then open to the public, with
intent to commit a felony, theft, or assault. 
Tex. Pen. Code Ann. ' 30.02 (Vernon 2005).  A person commits the offense of robbery if in
the course of committing theft and with intent to obtain or maintain control of
the property, he intentionally or knowingly threatens or places another in fear
of imminent bodily injury or death.  Tex. Pen. Code Ann. ' 29.02 (Vernon 2005).  A person commits aggravated robbery if he
commits robbery as defined in Section 29.02, and he uses or exhibits a deadly
weapon.  Tex. Pen. Code Ann. ' 29.03 (Vernon 2005).








In the first count of the indictment, the
State alleged that appellant Aand his wife, Jewel Lee Pool, acting alone
and together, did then and there, with intent to commit theft, enter a
habitation, without the effective consent of the homeowner, Matthew Don Carper.@  In
the second count of the indictment, the State alleged that

[appellant] and Pool, acting alone and
together, did then and there, while in the course of committing theft of
property with intent to obtain or maintain control of said property,
intentionally or knowingly threaten or place Carper in fear of imminent bodily
injury or death, and the [appellant] did then and there use or exhibit a deadly
weapon, to-wit:  a knife, that in the
manner of its use or intended use was capable of causing death or serious
bodily injury.

 

The State presented the testimony of five witnesses.  Carper=s wife testified that she had seen Pool take
a weed eater out of her garage.  She
yelled to Carper that someone was taking their weed eater.  Mr. Carper testified that upon hearing his
wife, he ran out of his home and after Pool, who was running toward a brown
truck with the weed eater in her hands. 
He saw Pool throw the weed eater into the truck and then jump in.  When Carper reached the truck, he jumped and
grabbed hold of the tailgate.  Despite
the driver=s erratic driving, he was able to climb into
the bed of the truck, where he saw his lawnmower.  Carper further testified that Pool could not
have lifted the lawnmower into the truck by herself, and that he himself needed
assistance to lift the lawnmower.

Carper also testified that after the truck
stopped, the driver got out and told him to take his property and get out of
the truck.  Carper identified the driver
as the appellant.  After walking toward
Carper, appellant yelled at Pool and demanded a knife.  Carper said that appellant threatened to cut
him and, after being handed the knife, began to slash at Carper.  Carper used the weed eater defensively.  While appellant threatened Carper with the
knife, Pool moved into the driver=s seat of the truck and began to operate it
in such a manner as to attempt to throw Carper off balance.  Carper lost his balance, fell, and hit a
table saw that was also in the truck. 
Appellant then grabbed Carper=s lawnmower and threw it out of the truck.








Carper=s wife called the police while Carper was
chasing appellant and Pool.  Dennis
Chupe, the first police officer to arrive on the scene, testified that the
truck was stopped, and Carper and appellant were involved in a
confrontation.  Chupe noticed a shiny
object in appellant=s hand and saw him throw it on  the ground.  Agustin Perez, the second police officer on
the scene, testified that although he dealt primarily with Pool, he noticed
that there was a disturbance going on between Carper and appellant.  Mark Allen Lemons, the third police officer
to arrive at the scene, testified that he spoke to Carper and determined that
Carper was the victim.

A rational jury could have found that Pool
would have had difficulty lifting the lawnmower into the truck by herself, but
appellant had the ability to lift the lawnmower by himself as he was able to
throw it out of his truck.  The jury
could also have concluded that appellant entered Carper=s home with the intent to commit theft.  The record also support=s the jury=s finding that appellant was guilty of
aggravated robbery.  The jury could have
rationally found that appellant=s attempts to throw Carper out of the truck
and to cut Carper with a knife placed Carper in fear of imminent bodily injury
or death.  In light of this evidence, we
conclude that a rational trier of fact could have found appellant committed
burglary and aggravated robbery, and that the evidence is legally sufficient to
support his convictions.








Appellant argues that the jury could not
have found sufficient evidence to convict him of burglary and aggravated
robbery because of Pool=s testimony. 
Pool testified that she had taken the lawnmower and the weed eater and
had not informed appellant of her actions until she had thrown the weed eater
into the truck.  Pool said that she took
Carper=s property because she needed to purchase
gas for appellant and that she knew of an individual who would pay her for a
lawnmower and yard equipment.

Viewing the evidence neutrally, we conclude
the evidence is not so weak as to be clearly wrong and manifestly unjust, nor
is the verdict against the great weight of the evidence.  Appellant=s proof, which consisted of Pool solely
taking the blame for the burglary, does not greatly outweigh the proof of
guilt.  Accordingly, we conclude the
evidence is factually sufficient to support appellant=s convictions for burglary and aggravated
robbery.

Appellant=s sole issue is overruled.

                                                              C.  Conclusion

The judgment of the trial court is
affirmed.   

 

FEDERICO G. HINOJOSA

Justice

 

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
6th day of July, 2006.











[1] See Tex. Pen. Code Ann. ' 30.02 (Vernon 2005).





[2] See Tex. Pen. Code Ann. ' 29.03 (Vernon 2005).