NUMBER 13-07-00230-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE MATTER OF L.W., A CHILD

 




On appeal from the County Court at Law No. 2 

of Victoria County, Texas, Sitting as a Juvenile Court.

 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Rodriguez



 Appellant, L.W., was adjudicated delinquent after a jury found he committed the
offense of robbery. See Tex. Penal Code Ann. § 29.02 (Vernon 2006). After a disposition
hearing, the trial court committed L.W. to the Texas Youth Commission for an
indeterminate period of time not to exceed his twenty-first birthday. On appeal, L.W.
challenges the factually sufficiency of the evidence. We affirm.


I. Background

 On December 18, 2006, Laura Rogers left her apartment at about 6:45 a.m. to go
jogging. As she was jogging, a young man approached Rogers and knocked her to the
ground by shoving her on the shoulder. Rogers testified that she felt something hard on
her back, and that the young man told her that if she did not give him $700 he was going
to "empty a clip on" her. They began walking to her apartment because the young man
wanted her debit card. As they reached the apartment complex, they encountered Wade
Wright, an employee of the complex. Wright testified that he was picking up trash around
the complex when he was approached by Rogers and a young man. At trial, both Rogers
and Wright identified L.W. as the young man. After the jury found the allegation in the
State's petition to be true, the trial court sentenced L.W. to the Texas Youth Commission. 
This appeal ensued.

II. Standard of Review and Applicable Law

 In a factual sufficiency review, we view all of the evidence in a neutral light in order
to determine whether a jury was rationally justified in finding guilt beyond a reasonable
doubt. Watson v. State, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). Evidence may
be factually insufficient if: (1) it is so weak as to be clearly wrong and manifestly unjust, or
(2) the jury's verdict is against the great weight and preponderance of the available
evidence. Id. at 414-15. "An appellate court must give deference to a jury's decision
regarding what weight to give contradictory testimonial evidence because the decision is
most likely based on an evaluation of credibility and demeanor, which the jury is in the
better position to judge." Lancon v. State, No. 0182-07, 2008 Tex. Crim. App. LEXIS 640, 
*18 (Tex. Crim. App. May 14, 2008). Unless we can say with some objective basis in the
record that the great weight and preponderance of the evidence contradicts the jury's
verdict, we will not reverse the judgment as factually insufficient. Watson, 204 S.W.3d at
417. We apply the criminal law standard for factual insufficiency in juvenile cases. In re
B.P.H., 83 S.W.3d 400, 407 (Tex. App.-Fort Worth 2002, no pet.).

 An individual commits robbery if, in the course of committing theft, he "intentionally
or knowingly threatens or places another in fear of imminent bodily injury or death." Tex.
Penal Code Ann. § 29.02 (a)(2).

III. Analysis

 By his sole issue, L.W. contends that the evidence presented by the State is
insufficient and asks that we reverse and remand this case to the trial court for a new trial. 
Based on his argument and prayer, we construe L.W.'s issue as a challenge to the factual
sufficiency of the evidence. Specifically, L.W. asserts that (1) Rogers's and Wright's
identification of L.W. was tainted, and (2) there are inconsistencies between the witnesses'
testimony, and between the witnesses' testimony and the police report. (1)

A. In-Court Identification

 Appellant challenges the in-court identifications. However, appellant did not file a
pre-trial motion to suppress the in-court identifications or object to the evidence when it
was offered at trial. Therefore, L.W. failed to preserve his challenge to the admissibility of
the in-court identifications for appellate review. See Perry v. State, 703 S.W.2d 668, 670-71 (Tex. Crim. App. 1986) ("We note that Texas courts stringently apply the
contemporaneous objection rule in the context of improper identification. Without an
objection to an in-court identification or to testimony based on an impermissibly suggestive
identification procedure, no error is preserved.").

B. Alleged Inconsistencies

 L.W. argues that inconsistencies in the testimony render the evidence insufficient
to support the conviction. (2) We disagree. The alleged inconsistencies or conflicts between
Wright's statement to police and Rogers's and Wright's trial testimony were before the jury. 
As the judges of the facts, the credibility of the witnesses, and the weight to be given to the
testimony, we must give due deference to jury's determinations concerning the weight
given to contradictory testimonial evidence and the jury's evaluation of the credibility of the
evidence. See Lancon, 2008 Tex. Crim. App. LEXIS at **12-13, 18; Bowden v. State, 628
S.W.2d 782, 784 (Tex. Crim. App. 1982). Moreover, as the trier of fact, the jury is free to
believe or disbelieve any portion of a witness's testimony. Bowden, 628 S.W.2d at 784. 
In this case, the jury chose to believe Rogers's testimony that L.W. had a gun when he
demanded money and that L.W. scared her because he threatened to kill her. The jury
also chose to believe Wright when he testified that he saw L.W. with Rogers and that she
told him L.W. had a gun, wanted money, and threatened to kill her.

 After viewing all of the evidence in a neutral light, we conclude that the evidence is
not so weak that the trial court's verdict seems clearly wrong or manifestly unjust, and the
verdict is not against the great weight and preponderance of the evidence. See Watson,
204 S.W.3d at 414-15. Therefore, the evidence is factually sufficient to support the verdict. 
We overrule L.W.'s sole issue.

IV. Conclusion

 We affirm.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and

filed this 3rd day of July, 2008.


1. In support of his factual sufficiency argument, L.W. also generally comments that "[t]here was
another possible suspect for the alleged robbery that the police never investigated." However, we conclude
that L.W. has waived this contention by neither citing to authority nor supporting the assertion with a clear and
concise argument. See Tex. R. App. P. 38.1(h).
2. L.W. points to the following inconsistencies and discrepancies in the testimony: (1) Rogers testified
that the assailant was 5'7" tall, and Wright testified that the assailant was 5'10" tall; (2) Rogers testified that
she passed Wright before the attack at approximately 6:50 a.m., while Wright testified he did not start working
until 7:00 a.m.; (3) Wright testified that he did not tell police that he saw L.W. shove Rogers, but the police
report states that he did; (4) in his police statement, Wright stated that Rogers "ran away," but Rogers and
Wright both testified that she did not run away; (5) Rogers testified that the assailant had a swollen right eye,
but Wright did not mention a swollen eye; (6) Wright testified that the assailant had a scar on his nose, but
Rogers did not; (7) Wright testified that L.W. smelled of alcohol, but did not mention it in his police statement;
and (8) Wright testified that he knew L.W. as a previous tenant, but Wright did not tell Rogers that he knew
the assailant.