COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-216-CR

 

 

JASON ALAN SWITZER                                                                     APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

           FROM
COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

 

I. Introduction

In
one point, appellant Jason Alan Switzer appeals his conviction for Assault
Bodily InjuryBFamily
Member, arguing that the evidence was factually insufficient to support his
conviction.   We will affirm.








II. Factual and
Procedural Background

At
Switzer=s
trial, the State provided evidence of the assault through the testimony of two
police officers, Switzer=s wife Caroline Switzer, and
the Switzers= next-door
neighbor Mark Stelmas.

Stelmas
testified that Caroline had shown up at his house one night, hysterical and in
fear of her husband.  Switzer followed
her to Stelma=s
house, and Caroline left with Switzer. 
Shortly thereafter, the Switzers=
six-year-old daughter C.S. ran to Stelmas=s
house and asked for help because Aher
father was strangling her mother.@[2]  Stelmas called 911.

Officer
Thomas Shelton testified that he had responded to the dispatch call.  When he arrived at the Switzers=
house, C.S. told him that she had run next door to the neighbor=s
house because her Adaddy was hitting her mommy
again.@[3]  Officer Angelina Guerra-Torres testified that
she was also dispatched to the Switzers=s
house and that Caroline had told her that Switzer pushed her, causing her to
fall to the ground.[4]  Both officers testified that Caroline had a
large knot on her forehead, and photographs of her head taken that day were
entered into evidence at trial.








Switzer
called both Caroline and C.S. to testify on his behalf.  Caroline testified that Switzer had not
assaulted her but that she had slipped and fallen, hitting her head on a
cabinet.  Caroline denied telling the
officers that her husband had pushed her down and testified that she did not
want the case to be prosecuted.  C.S.
also denied that Switzer had hit Caroline.

After
hearing the evidence, the jury found Switzer guilty.  The trial court sentenced him to one year=s
confinement, probated for two years. 
This appeal ensued.

III. Factual
Sufficiency

In
his sole point, Switzer argues that the evidence was factually insufficient
because the only evidence supporting the verdict consisted of hearsay
statements by Caroline and C.S. that were contradicted by their in‑court
testimony.

A. Standard of Review








When
reviewing the factual sufficiency of the evidence to support a conviction, we
view all the evidence in a neutral light, favoring neither party.  Steadman v. State, 280 S.W.3d 242, 246
(Tex. Crim. App. 2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s
determination is manifestly unjust.  Steadman, 280 S.W.3d at 246; Watson,
204 S.W.3d at 414B15, 417.  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, although legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.

Unless
we conclude that it is necessary to correct manifest injustice, we must give
due deference to the factfinder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000); see Steadman, 280 S.W.3d at 246.  Evidence is always factually sufficient when
it preponderates in favor of the conviction. 
Steadman, 280 S.W.3d at 247; see Watson, 204 S.W.3d at
417.








In
determining whether the evidence is factually insufficient to support a
conviction that is nevertheless supported by legally sufficient evidence, it is
not enough that this court Aharbor
a subjective level of reasonable doubt to overturn [the] conviction.@  Watson, 204 S.W.3d at 417.  We cannot conclude that a conviction is
clearly wrong or manifestly unjust simply because we would have decided
differently than the jury or because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the factfinder=s.  Johnson, 23 S.W.3d at 12; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Our deference in this regard safeguards the
defendant=s
right to a trial by jury.  Lancon v.
State, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008).

An
opinion addressing factual sufficiency must include a discussion of the most
important and relevant evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B. Evidence was Factually Sufficient

Here,
the issue is one of credibility.  The
State and Switzer provided conflicting witness testimony.  The two police officers and the Switzers=
neighbor testified to statements made by Caroline and C.S. showing that the
assault had occurred.  Caroline, C.S.,
and Switzer testified that the assault did not occur.








 But the jury decided to believe the State=s
witnesses over Switzer=s witnesses, and we must
give deference to the jury=s
determination of credibility.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Johnson, 23 S.W.3d
at 8B9; Bowden
v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (holding that
contradictions in the evidence are reconciled by the jury and will not result
in reversal so long as there is enough credible testimony to support the
verdict).  The jury=s
decision was not manifestly unjust merely because it resolved conflicting views
of the evidence in favor of the State, and as an appellate court, we may not
find the evidence to be factually insufficient merely because there are Areasonably
equal competing theories of causation.@.  See Cain, 958 S.W.2d at 410; Steadman,
280 S.W.3d at 247.

Viewing
the evidence in a neutral light, we find no objective basis for holding that
the jury=s
verdict was clearly wrong or manifestly unjust or that it was contradicted by
the great weight and preponderance of the evidence.  See Steadman, 280 S.W.3d at
246; Lancon, 253 S.W.3d at 704; Watson, 204 S.W.3d at 414B15,
417.  Rather, the evidence presented at
trial was sufficient to support the jury=s
verdict, and no contrary evidence exists that would render the evidence
factually insufficient under the applicable standard of review.  See Lancon, 253 S.W.3d at 704; Watson,
204 S.W.3d at 414B15, 417.  Accordingly, we overrule Switzer=s
sole point.

VI. Conclusion

Having
overruled Switzer=s sole point, we affirm the
trial court=s
judgment.

PER CURIAM

 

 

PANEL: WALKER, J.; LIVINGSTON, C.J.;
and DAUPHINOT, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: August 5, 2010











[1]See Tex. R. App. P. 47.4.





[2]Switzer objected to
hearsay, the State responded that the child=s statement was an excited utterance, and the
trial court overruled Switzer=s objection.





[3]This testimony was
admitted over Switzer=s hearsay objection.





[4]This testimony was
also admitted over Switzer=s hearsay objection.