Opinion filed October 25,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00287-CR

                                                    __________

 

                              FELIX
LEE JARAMILLO,  Appellant  

 

                                                             V.

 

                                     STATE
OF TEXAS,  Appellee



 

                                   On
Appeal from the 118th District Court

                                                          Howard
County, Texas

                                                      Trial
Court Cause No. 12949

 



 

M E M O R A N D U
M   O P I N I O N

 

            The jury convicted Felix Lee Jaramillo, appellant, of aggravated robbery.  Based upon
its finding of “true” to a prior felony conviction alleged for enhancement
purposes, the jury assessed his punishment at confinement for a term of sixty
years in the Institutional Division of the Texas Department of Criminal Justice. 
The jury also assessed a fine of $10,000.  Appellant challenges his conviction
in one issue.[1] 
We affirm.

Background
Facts

On
the evening of the offense, David Canales was at his house in Big Spring with
his wife, Jennifer, and two of their three children.  Three men, including
appellant, kicked in his front door and entered his home, armed with pistols
and a shotgun.  The men attempted to disguise themselves, but David identified
them as appellant, Clifford Anglin, and Phillip Martinez.  The men, armed with
pistols and a shotgun, told David to get facedown.  He got on his knees and put
his face on the sofa.  The men demanded money.  Appellant kicked David in the
ribs.  One of the men hit David on the back of the head with a pistol.  Jennifer
testified that appellant pointed the shotgun at her and her youngest son while
another man searched the bedroom for jewelry and money.  The men stole cash,
Jennifer’s cell phone, the Canaleses’ handgun, and David’s jewelry.  As the men
were leaving, one pointed a pistol at David and threatened to shoot him if he
called anyone.  After they left, David went outside and flagged down a
patrolling officer, Officer Andrew Garcia.

  
Officer Garcia of the Big Spring Police Department testified that he was on
patrol the night of the offense.  While responding to a traffic stop, he was flagged
down by David.  David told Officer Garcia that men had kicked in his front door
and, while they held his wife and children at gunpoint, demanded money and
began looking for valuables in the house.  Officer Garcia testified that
both Jennifer and David identified their attackers.

Big
Spring Police Officer Lanny Swanson testified that, on the night of the
offense, he and his partner, Officer John Haynes, initiated a traffic stop of a
vehicle traveling with its lights off.  The vehicle did not stop immediately,
and both officers observed items being thrown from the vehicle.  As soon as the
car stopped, passengers began to flee.  Officer Swanson and Officer Haynes
apprehended two of the passengers.  Both officers identified appellant as the
individual apprehended by Officer Swanson.  After placing appellant in custody,
Officer Swanson “retraced” appellant’s path from the car and recovered a
pistol.  Officer Haynes then “retraced” the path of the car to the items thrown
from it; he recovered a bandana and a shotgun.  At that point, Officer Haynes
and Officer Swanson received a call concerning the aggravated robbery.

The
following morning, Officer Stephen Oliver was called to a house at 624 State
Street, several blocks from the Canaleses’ house.  The resident there had called
regarding a cell phone in his yard.  Jennifer identified the phone as hers.  Officers
Haynes and Swanson both testified that they observed items being thrown from
the car in the 600 block of State Street.  

Sufficiency
of the Evidence

            In
his sole issue, appellant challenges the legal and factual sufficiency of the
evidence supporting his conviction for aggravated robbery as alleged in the
indictment.  We review a sufficiency of the evidence issue, regardless of
whether it is denominated as a legal or factual claim, under the standard of
review set forth in Jackson v. Virginia, 443 U.S. 307 (1979).  Brooks
v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); Polk v. State,
337 S.W.3d 286, 288­–89 (Tex. App.—Eastland 2010, pet. ref’d).  Under the Jackson
standard, we review all of the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
elements of the offense beyond a reasonable doubt.  Jackson, 443 U.S. at
319; Isassi v. State, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).  

            In
conducting a sufficiency review, we defer to the jury’s role as the sole judge
of the witnesses’ credibility and the weight their testimony is to be afforded.
 Brooks, 323 S.W.3d at 899.  This standard accounts for the factfinder’s
duty to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts.  Jackson, 443
U.S. at 319; Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). 
When the record supports conflicting inferences, we presume that the factfinder
resolved the conflicts in favor of the prosecution and defer to that
determination.  Jackson, 443 U.S. at 326; Clayton, 235 S.W.3d at
778.  

            Appellant
claims the evidence was so insufficient that no rational trier of fact could
find every element of the offense beyond a reasonable doubt.  A person commits
aggravated robbery when he commits robbery and uses or exhibits a deadly
weapon.  Tex. Penal Code Ann. § 29.03(a)(2)
(West 2011).  A person commits robbery if, in the course of committing theft
and with intent to obtain or maintain control of the property, he intentionally
or knowingly threatens or places another in fear of imminent bodily injury or
death.  Id. § 29.02(a)(2).  A person commits theft if he unlawfully
appropriates property with the intent to deprive the owner of the property.  Id.
§ 31.03(a) (West Supp. 2012).  

            Appellant
directs his evidentiary challenge to inconsistencies in the testimony of the
Canaleses.  Specifically, David testified that the men were not wearing
toboggans, but Jennifer testified that the men wore toboggans.  David testified
that he was kicked in the ribs by appellant and “pistol-whipped” by appellant’s
accomplice; yet he had no open wounds, needed no stitches, and was released
that evening from the emergency room.  David testified that his youngest son
was in the living room when appellant and his accomplices kicked in the door.  Jennifer
testified that their son was in the bedroom with her.

            Appellant
argues that the inconsistent testimony as to clothing, injuries, and precise
location of the child renders the evidence insufficient to support the
conviction.  We disagree.  The weight to be given to conflicting testimony is
within the sole province of the jury because it turns on an evaluation of
credibility and demeanor.  Cain v. State, 958 S.W.2d 404 (Tex. Crim.
App. 1997).  In Bowden v. State, the court held that the evidence was
sufficient to sustain the defendant’s conviction of aggravated robbery, despite
inconsistencies between a witness’s trial testimony and the description he gave
police of the robber.  Bowden v. State, 628 S.W.2d 782 (Tex. Crim. App.
1982).

            It
was within the jury’s province to resolve any inconsistencies in the Canaleses’
testimony.  After reviewing all the evidence, we hold that it was sufficient to
support the jury’s verdict.  Appellant’s sole issue is overruled.  

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

October 25, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel[2]
consists of: Wright, C.J.,

McCall, J., and Hill.[3]

 









                [1]Appellant’s brief lists three issues; however,
appellant briefed only the third issue.  For this reason, we address the sole
issue raised and argued on appeal.





                [2]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[3]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.