

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00537-CR

ADRIAN TROTTY                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Adrian Trotty of aggravated robbery with a deadly weapon. Upon his plea of true to the enhancement allegation, the jury found the repeat offender allegation true and assessed Appellant's punishment at imprisonment for twenty-five years. The trial court sentenced him accordingly.

---

[1]See Tex. R. App. P. 47.4.

We have been favored with excellent briefs from both Appellant and the State. In five issues, Appellant challenges the admission of two photographs of a note taken from his jail cell and the sufficiency of the evidence to support his conviction. Because we hold that the evidence is sufficient to support the conviction and that the trial court did not abuse its discretion by admitting the photographs, we affirm the trial court's judgment.

**Summary of the Facts**

The complainant, Steven Bogar, who was on probation for drug offenses and forgery, was doing last-minute Christmas shopping on the snowy Christmas Eve of 2009. According to the complainant, he had about $500 in cash on his person while he shopped, and he paid for his purchases with cash.

After Appellant returned home from shopping, he received a phone call from his friend Christopher Snider, also known as Bubba. Snider had owed the complainant around $100 for about a year and said that he would pay the complainant what he owed. The two men agreed to meet at the Waffle House near Cherry Lane and I-30 on the service road of Las Vegas Trail and I-30. The complainant denied any knowledge of that location being in a high drug-trafficking area.

The complainant arrived at the agreed-upon site first and parked his car in the lot without going into the Waffle House. A maroon, older Suburban backed into the spot next to the complainant's car, and Snider, dressed in black and wearing a hood, got out of the passenger side of the Suburban and climbed into

2

the passenger side of the complainant's car. According to the complainant, Appellant also exited the Suburban, climbed into the back seat of the complainant's car, put a gun to the complainant's head, and demanded all his money. Snider got out of the car. Two other people went through the complainant's pockets and took his money, which was "maybe, like, 200" dollars, and his car keys. Appellant got out of the complainant's car and went back to the Suburban. The complainant went to the Suburban and asked for his keys. Appellant said, "Fuck you, Cuzz," and then shot the complainant in the upper left chest. The complainant fell to the ground and crawled through the snow and into the Waffle House for help. The complainant was hospitalized for five days, and the bullet stayed in his chest for about a year before the doctors where able to remove it.

**Sufficiency of the Evidence**

In his fifth issue, Appellant challenges the sufficiency of the evidence to support his conviction. In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2] This standard gives full play to the responsibility of the trier of fact to resolve conflicts

---

[2] *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).

in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[3]

The trier of fact is the sole judge of the weight and credibility of the evidence.[4] Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the factfinder.[5] Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict.[6] We must presume that the factfinder resolved any conflicting inferences in favor of the verdict and defer to that resolution.[7]

Appellant correctly points out that the *Jackson* standard is not a mere no-evidence standard; a minimal amount of evidence may satisfy a no-evidence standard but fail to rationally support the verdict.[8] Under *Jackson*, an irrational

---

[3]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Blackman v. State*, 350 S.W.3d 588, 595 (Tex. Crim. App. 2011).

[4]*See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Winfrey*, 393 S.W.3d at 768.

[5]*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

[6]*Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013).

[7]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Temple*, 390 S.W.3d at 360.

[8]*See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789.

verdict cannot stand.[9]   Appellant, however, argues that the complainant was a witness who inspired a lack of confidence.  Appellant points to inconsistencies in the complainant's testimony and two things that did not ring true in his testimony.  Appellant concludes that "[n]o rational juror could ever believe [the complainant] beyond a reasonable doubt.  A rational juror would have to have verification from other sources before acting on anything [the complainant] said."  The fact that the complainant was not a good witness does not render the evidence insufficient to support a conviction.  Additionally, we must defer to the jury's determinations of credibility and not assume the role of a thirteenth juror.[10]   Reviewing all the evidence in the trial, and applying the proper standard of review, we hold that the evidence is sufficient to support Appellant's conviction.  We overrule his fifth issue.

**Admissibility of the Photographs**

In his first four issues, Appellant argues that the trial court abused its discretion by admitting a copy of a letter in which Appellant asks the intended recipient to remove the complainant as a possible witness.  Appellant argues that State's Exhibits 19 and 20, photographs of the letter, were inadmissible because (1) each is a copy rather than the original and thus not the best evidence of the letter; (2) they are not relevant because they were not sufficiently authenticated;

---

[9] *See id.*

[10] *Brooks v. State*, 323 S.W.3d 893, 901 (Tex. Crim. App. 2010).

(3) as unauthenticated documents, they constitute an improper use of an extraneous offense; and (4) as unauthenticated documents, they are unfairly prejudicial. We review a trial court's decision to admit evidence for an abuse of discretion.[11] As long as the trial court's decision falls within the zone of reasonable disagreement, we will affirm it.[12]

Deputy Lee Worth found the note on the back of a service-request form while he was searching Appellant's jail cell. Appellant did not share his cell with anyone. Deputy Worth identified State's Exhibits 19 and 20 as photographs of the note and the service-request form on the reverse side. The note was a handwritten message that said,

> Cuzz do not let that nigga come to trial on me. He tha only witness they got Without him they dont got no case. I need you Cuzz cuz I know if anybody can come thru, its u. Pass word to JR for me. I dont care how it get done Dont let them hide me Cuzz I will handle all responsibility and problems when I get home. His name Steven Bogar They call him RD. I dont care who he kin to He shouldve kept this shit in tha streets in tha first place Ya feel me. Shoot word back thru my bitch. Write it down so she will sho me what u said when she come back to visit me. I love yal niggaz cuz and u know if it wuz tha otha way around I would come thru 4 u.
>
> Trotty Boy

On the reverse side is the service-request form. That side also contains a handwritten note referring the recipient to a Bible verse. That other note appears

---

[11] *Green v. State*, 934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1200 (1997); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

[12] *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

to be signed by someone named Kevin Sin or Kevin Sim. Both notes are printed. The printing in the two notes appears not to be the same, but this court is not a trier of fact and cannot make that determination.[13] Deputy Worth testified that he did not know who had written the note in question and conceded that Kevin Sim, of whom he had no knowledge, could have written it. At trial, he did not know where the original note was or whether Snider, the complainant's friend who triggered the events culminating in the shooting of the complainant, was housed in the same area as Appellant. Appellant's objection to the photographs was,

> Your Honor, I'm going to object to this under improper authen—authentication of the note itself and the fact that it's not the best evidence. We have no idea where the original of—or the State, evidently, has no idea where the original of this note even is.

We first address two of Appellant's objections at trial: improper authentication and not the best evidence. We hold that the improper authentication objection is a general objection that, without more, is inadequate to preserve the complaint on appeal.[14] The "Best Evidence Rule" is now codified in Rule 1002 of the Texas Rules of Evidence, which provides, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required except as otherwise provided in these rules or by law."[15] Rule 1003, however, provides, "A

---

[13]*See Bowden v. State*, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (op. on reh'g); *see also* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979).

[14]*Smith v. State*, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984).

[15]Tex. R. Evid. 1002.

7

duplicate is admissible to the same extent as an original unless (1) a question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."[16] The decision whether to admit a duplicate is left to the trial court's sound discretion.[17] The duplicate is a photograph. Nothing suggests that the photograph is an inaccurate duplicate of the original. State's Exhibits 19 and 20 sufficiently comply with Rules 1002 and 1003 to satisfy the Best Evidence Rule.

Appellant's Rule 404(b) and Rule 403 claims depend on the lack of nexus between State's Exhibits 19 and 20 and Appellant. To the extent that the question is whether the note was sufficiently connected to Appellant, the evidence shows that Appellant was the only person housed in his cell; the note was found in his cell; it was signed Trotty Boy and his name is Adrian Trotty; the note was a plea for the recipient to eliminate the sole witness in a case against "Trotty Boy," and the note specifically named the sole complainant in this case. We hold that the trial court did not abuse its discretion by admitting State's Exhibits 19 and 20, and we therefore overrule Appellant's first four issues.

---

[16]Tex. R. Evid. 1003.

[17]*Narvaiz v. State*, 840 S.W.2d 415, 431 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 975 (1993).

**Conclusion**

Having overruled Appellant's five issues on appeal, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 5, 2014